## No. 13,759.

ROYAL EXCHANGE ASSURANCE OF LONDON *v.* LUTTRELL ET AL.

(63 P. [2d] 1240)

Decided December 22, 1936. Rehearing denied January 11, 1937.

Mr. S. M. True, Mr. W. B. Showalter, for plaintiff in error.

Mr. Sid Pleasant (Mr. Lowell White, Mr. Howard Roepnack on petition for rehearing), for defendants in error.

*En Banc.*

Mr. Justice Butler delivered the opinion of the court.

J. E. Luttrell and Hendrie and Bolthoff Manufacturing and Supply Company sued Royal Exchange Assurance of London, hereinafter referred to as the defendant, on a policy of fire insurance and recovered judgment. The defendant seeks a reversal of the judgment.

The question presented is whether the policy was in force at the time of the fire that caused the loss. Plaintiffs contend, and the court held, that it was; defendant contends that it was not.

The facts were stipulated. So far as pertinent, they are as follows:

Luttrell, the owner of certain property situated in Craig, requested Leroy Tucker to procure $20,200 insurance covering the property. Tucker was the local agent at Craig for the Dubuque Fire and Marine Insurance Company.

On November 2, 1933, not being able to place the entire insurance in the Dubuque Company, the only one represented by him, Tucker wrote a letter to W. E. McCullough, who was operating a general agency in Denver, saying:

"I have a chance to write a policy on a machine shop and tools and machinery and as the amount is more than the maximum allowed by the company I am writing you.

"They will want about 17 or $18,000 on tools and

machines and $2,100 or $2,200 on building. Do you care to have me write this or do you know of some way I can. I have only your company now, so would have to turn the balance to someone else."

On November 6 McCullough answered:

"* * * it will be in order for you to write a policy in the Dubuque, for which you have the supplies, covering $500 on building and $2,000 on the contents, * * *

"This is the maximum which we can place in one company but we have several other companies in our office and direct contact with a number of companies here, we could, no doubt, place the entire amount for you and give you whatever commission there is in the transaction.

"If you wish to have us do this please let me know as soon as possible."

On December 1 Tucker replied:

"I want you to write $20,200 insurance, $2,700 on building, $14,000 on machinery and blacksmith, boilers, tank and welding tools and equipment, $3,500 on stock. * * *

"There wants to be a mortgage clause in favor of Hendrie and Bolthoff of Denver for $4,000 on machinery."

On December 6 McCullough sent to Tucker five policies, including one issued by the defendant and one by the Dubuque Company, stating in his letter: "It was necessary for us to place this business as brokerage except, of course, the Dubuque policy." Tucker delivered the policies to Luttrell and collected the premium.

Standart, Main and Brewster were general agents for the defendant, and the Central Savings Bank and Trust Company was defendant's local agent at Denver up to and including March 1, 1933.

On March 1, Standart, Main and Brewster wrote to the Central Savings Bank and Trust Company: "* * * Consequently, we will ask that you take this policy up and send it for cancellation at your very earliest convenience."

Upon receipt of this letter, the Central Savings Bank and Trust Company delivered it to McCullough, who, on

March 2, wrote to Luttrell: "We are writing you direct with regard to the above captioned policy and are sorry to advise that the Royal Exchange Assurance Company does not wish to continue liability on this class of business and we, therefore, ask that you kindly return same to this office by return mail for cancellation.

"However, we have had this line written under Policy #76288 of the London and Provincial at the same premium of $74.07 for one year. However, the new policy is written for the unexpired term of March 2, 1934, to December 4, 1934, with a Premium of $56.30. The Return Premium under Policy #C 18908 will take care of the $56.30 and there is no additional charge to you."

That letter was mailed in Denver on March 3 and was received by Luttrell in the evening of March 4 or in the morning of March 5; but in the meantime, i. e., early in the morning (about 12:40 o'clock) of March 4 the fire occurred. Tucker notified McCullough of the fire and of the resulting loss.

On March 5 Luttrell returned to McCullough the Royal Exchange Assurance policy.

On March 6 the Central Savings Bank and Trust Company wrote to McCullough with reference to the London and Provincial Insurance policy: "Inasmuch as the loss on this risk occurred before the delivery of this policy do not make delivery of the policy and leave the insurance as it was originally written."

On March 20 Standart, Main and Brewster mailed to McCullough a check in payment of return premium on Royal Exchange Assurance policy, which, they stated, was cancelled on March 2nd, and requested a return of the policy. McCullough answered that "in the absence of instructions from the assured, we refuse to accept check for the return premium and for the same reason refuse to surrender the policy."

Luttrell furnished proofs of loss to all companies interested. Defendant refused to accept proof of loss, claiming that the policy had been cancelled. At the request of

Luttrell, McCullough returned to him the policy issued by defendant, whereupon Luttrell brought suit thereon and also on the London and Provincial policy.

Defendant's policy provides: "This policy shall be cancelled at any time at the request of the insured, in which case the Company shall, upon demand and surrender of this policy, refund the excess of paid premium above the customary rates for the expired time. This policy may be cancelled at any time by the Company by giving to the insured a five days' written notice of cancellation * * *."

We have stated the facts at length for the reason that the decision depends upon the construction placed thereon by the court. The trial court concluded that the policy in suit was in force at the time the loss was sustained. After a careful consideration of the record, we have arrived at the same conclusion.

1. The letter requesting Luttrell to return the policy for cancellation was written on March 2, and was received by Luttrell in the evening of March 4 or in the morning of the 5th. The fire occurred in the morning of the 4th. The policy, therefore, was not cancelled on five days' notice.

2. Defendant contends that the five-day notice was waived, and, furthermore, that there was a cancellation by agreement. It is clear that Luttrell personally neither waived such notice nor agreed to cancellation. He knew nothing, before the fire, of defendant's desire to cancel the policy. But defendant contends that McCullough, as agent for Luttrell, waived such notice and agreed to cancellation of the policy. That raises two questions: (a) Was McCullough authorized to waive such notice and agree to cancellation? (b) If he had such authority, did he so waive and agree? A negative answer to the first question would dispense with the necessity of considering the second.

(a) Tucker was Luttrell's agent only for the purpose of procuring insurance in a specified amount on Luttrell's property. He was not expressly authorized or requested to maintain insurance or to replace the same

according to circumstances, in his discretion; nor was there a previous course of dealing, or any other circumstance, from which such authority could be implied. When he procured the insurance that he was requested to procure and the policies were delivered to and accepted by Luttrell, Tucker's agency terminated. He had no authority, express or implied, to accept notice of cancellation of the policy, or to waive the five-day notice required by the policy, or to agree to the cancellation of the policy. *Grace v. American Central Insurance Co.*, 109 U. S. 278, 3 Sup. Ct. 207; *Quong Tue Sing v. Anglo-Nevada Assurance Corporation*, 86 Cal. 566, 25 Pac. 58; *Niagara Fire Insurance Companies v. Raden*, 87 Ala. 311, 5 So. 876; *Brown v. North River Insurance Co. of New York*, 144 La. 504, 80 So. 674; 14 R. C. L. 1010. Having no such authority himself, Tucker, of course, could not confer such authority on McCullough.

(b) As we have answered in the negative the first question suggested above, we need not concern ourselves with the second.

■ 3. But it is said by defendant's counsel that, assuming want of authority in McCullough to waive the five-day notice and agree to cancellation, he attempted to do so and his act was ratified by Luttrell.

Assuming, but not deciding, that his act would have amounted to a waiver of such notice and an agreement to cancel if he had authority so to do, was there a ratification of such unauthorized act?

Luttrell knew nothing about defendant's desire to cancel the policy until he received McCullough's letter, supra, informing him of such desire on the part of defendant and enclosing the London and Provincial policy. But that was after the liability of defendant had become absolutely fixed by the occurrence of the fire loss. Luttrell thereafter sent defendant's policy, not to defendant or its agent, but to McCullough and retained possession of the London and Provincial policy. McCullough, having heard of the fire, returned defendant's policy, not to defendant,

but to Luttrell. Not knowing which of the two companies was liable, Luttrell, out of abundance of caution, sued both, for the purpose of recovering, not against both, but against the one whose policy the court should decide was in force. The second was to be a substitute for the first and was to be effective as such only upon cancellation of the first.

As McCullough was not Luttrell's agent for the purpose of substituting one policy for another, he had no authority to procure for Luttrell the London and Provincial policy, and the delivery of the London and Provincial policy to him was not a delivery to Luttrell.

Even if McCullough had attempted to waive the five-day notice and to agree to a cancellation—and the record does not show that he did so—and even if Luttrell had attempted to ratify the acts of McCullough, ratification after the fire would have been ineffectual because the moment the fire loss occurred defendant's liability became absolutely fixed. 14 R. C. L. 1013; *Sussex Fire Insurance Co. v. Standard Fire Insurance Co.*, 176 S. C. 93, 179 S. E. 903.

The retention by Luttrell of the London and Provincial policy, intended as a substitute for defendant's policy, but not received by him or called to his attention until after loss, was not a ratification of an attempted cancellation of the first. *Waterloo Lumber Co. v. Des Moines Insurance Co.*, 158 Ia. 563, 138 N. W. 504; *Kerr v. Milwaukee Mechanics' Insurance Co.*, 54 C. C. A. 616, 117 Fed. 442; *Wilson v. National Ben Franklin Fire Insurance Co.* (Mo.), 266 S. W. 338.

Nor did the bringing of suit on the London and Provincial policy release the defendant from liability on its policy. *Hartford Fire Insurance Co. v. Tewes*, 132 Ill. App. 321.

We conclude that the defendant is liable and that the trial court was right in so holding. Our former opinion is withdrawn.

The judgment is affirmed.

Mr. Justice Hilliard, Mr. Justice Bouck, and Mr. Justice Holland dissent.