[No. 44914.   En Banc.   March 2, 1978.]

LELAN M. LAU, *as Administrator, Petitioner,* v.
RAY NELSON, ET AL, *Respondents.*

*Young & Cole, Inc., P.S.,* by *James C. Young,* for petitioner.

*Murray, Dunham & Waitt,* by *Wayne Murray,* for respondents.

*Daniel F. Sullivan* and *Kerry D. Kidman* on behalf of Washington State Trial Lawyers Association, amici curiae.

ROSELLINI, J.—This action was brought on behalf of the estate of Vivian Lau, who was killed in an accident while riding as a guest in an automobile driven by the respondent Magnochi and owned by the respondents Nelson. The collision occurred on April 27, 1974, after Laws of 1974, 1st Ex. Sess., ch. 3, p. 2, had been passed and signed by the Governor, but prior to its effective date, which was July 24, 1974. The complaint was filed on October 16, 1974, alleging negligence of the owners and the operator. In their answer, the respondents denied negligence and affirmatively alleged that the accident was caused solely by the negligence of the driver of the other vehicle involved in the collision.

On the day scheduled for trial, the Superior Court heard a motion by the petitioner seeking a declaration and order that the former statute, RCW 46.08.080,[1] known as the host–guest statute, did not apply to his claim against the operator of the vehicle and could not be asserted by this respondent. After considering trial memoranda, the court ruled that the 1974 repealing act did not apply to transactions occurring before its effective date, and further held that the repeal of the host–guest statute reinstated the rule which had existed under the decisional law of this state prior to the first enactment of a host–guest statute. That rule, the court observed, required proof of gross negligence in a suit by a guest against an operator, just as the repealed act did. Consequently, the court ruled, the petitioner, in

---

[1] "No person transported by the owner or operator of a motor vehicle as an invited guest or licensee, without payment for such transportation, shall have cause of action for damages against such owner or operator for injuries, death or loss, in case of accident, unless the accident was intentional on the part of the owner or operator, or the result of said owner's or operator's gross negligence or intoxication, and unless the proof of the cause of action is corroborated by competent evidence or testimony independent of, or in addition to, the testimony of the parties to the action: *Provided,* That this section shall not relieve any owner or operator of a motor vehicle from liability while it is being demonstrated to a prospective purchaser." RCW 46.08.080.

order to recover against the driver, would be required to prove gross negligence whether the case proceeded under the host–guest statute, or under the common–law rule in this state.

The proceedings were stayed to allow the petitioner to seek discretionary review.

Laws of 1974, 1st Ex. Sess., ch. 3, p. 2, in its entirety, reads:

> Section 1. The following acts or parts of acts are each hereby repealed:
> (1) Section 46.08.080, chapter 12, Laws of 1961 and RCW 46.08.080;
> (2) Section 1, chapter 18, Laws of 1933 and RCW 46.08.085; and
> (3) Section 2, chapter 18, Laws of 1933 and RCW 46.08.086.

It will be seen that the act contains no language expressing a legislative intent with respect to the question of retrospective or prospective operation. However, the fact that it contains no saving clause is of some significance and suggests an intent that it apply to pending actions.

■ While the general rule is that statutes are presumed to operate prospectively, rather than retrospectively, as to repealing acts the rule is different. As a general rule, such statutes terminate all rights dependent upon the repealed statute and all proceedings based upon it. *Hertz v. Woodman,* 218 U.S. 205, 54 L. Ed. 1001, 30 S. Ct. 621 (1910); 73 Am. Jur. 2d *Statutes* § 384 (1974); 82 C.J.S. *Statutes* § 434 (1953); 1A C. Sands, *Statutes and Statutory Construction* § 23.33 (4th ed. rev. 1972).

On the other hand, the repeal of a statute does not operate to destroy vested rights, or rights of a common–law nature which are further embodied in the repealed statute, the latter existing independently as enforceable rights.

We have recognized the general rule in *Wooding v. Puget Sound Nat'l Bank,* 11 Wash. 527, 40 P. 223 (1895); *Ettor v. Tacoma,* 57 Wash. 50, 106 P. 478, 107 P. 1061 (1910); and *Robinson v. McHugh,* 158 Wash. 157, 291 P. 330 (1930).

The *Ettor* case was reversed in *Ettor v. Tacoma,* 228 U.S. 148, 57 L. Ed. 773, 33 S. Ct. 428 (1913). The United States Supreme Court recognized the general rule but held that, in the circumstances of that case, the repealing statute deprived the plaintiffs of a vested property right, that right being the fixed liability of the city to compensate the plaintiffs for damage to their property resulting from improvement of highways.

The respondents argue that a repealing statute may not be applied to pending proceedings if the effect is to divest a party of a right which accrued prior to its enactment *or to impose a liability which did not exist when the transaction occurred.* They rely upon the cases of *Hammack v. Monroe St. Lumber Co.,* 54 Wn.2d 224, 339 P.2d 684 (1959) (holding that the 1957 amendment to the workmen's compensation act, which removed an immunity from suit theretofore afforded a third party in the course of extrahazardous employment, could not be applied to accidents occurring before its effective date) and *Nogosek v. Truedner,* 54 Wn.2d 906, 344 P.2d 1028 (1959) (holding that the 1957 amendment to the host–guest statute, which made the host liable for gross negligence as well as intentional conduct, could not be applied retrospectively).

The petitioner, on the other hand, relies upon the later case of *Godfrey v. State,* 84 Wn.2d 959, 530 P.2d 630 (1975), holding that the comparative negligence statute, RCW 4.22.010, should be applied retrospectively. The reasoning of the court was that the defense of contributory negligence is not a substantive right but a procedural matter. The court also found expressed in the statute an intent that it apply to pending actions.

All of these cases dealt with original enactments or statutory amendments. None involved a repealing act.

■■ We find it unnecessary to examine the apparent conflict between these cases upon the question whether tort immunity is in the nature of a vested right. To apply the 1974 statute retrospectively, in accord with the general rule which governs the effect of repealing acts, will not result in

the imposition of a new liability upon the respondents. As the trial court held, and as this court pointed out in *Shea v. Olson,* 185 Wash. 143, 53 P.2d 615, 111 A.L.R. 998 (1936) (and recently noted again in *Brewer v. Copeland,* 86 Wn.2d 58, 542 P.2d 445 (1975)), the liability of a host under the common law in this state, as the rule existed when the legislature took charge of the question, was the same as the liability imposed under the statute which was repealed in 1974. Both required proof of gross negligence. Thus the repeal had no effect upon the respondents' liability.

The petitioner suggests that the legislature, in repealing the statute, intended to reinstate not the common–law rule in this jurisdiction, but rather the one which is followed in the majority of jurisdictions. It is conceded that this court followed the minority rule when it adopted a standard of slight care rather than that of ordinary care. *See* 8 Am. Jur. 2d *Automobiles and Highway Traffic* § 469 (1963). Nevertheless, it is the rule at common law in this state, and it is the rule which was reinstated by operation of law when the legislature, by repealing the statute governing the question, returned the matter to the courts of this state. There is nothing in the language of the repealing act which discloses an intent to adopt some other rule. Such an intent could have been expressed only by an amendatory act.

It may well be that the requirement of proof of gross negligence is too harsh and should be modified. However, as *Brewer v. Copeland, supra,* reveals, there are a number of policy considerations which affect the validity of this rule. And, as will be seen in the leading cases of *Heiman v. Kloizner,* 139 Wash. 655, 247 P. 1034 (1926), and *Saxe v. Terry,* 140 Wash. 503, 250 P. 27 (1926), there are also common–law principles which are pertinent. The petitioners have not attempted to establish the invalidity of the premises upon which the common–law rule was based or to show that the present rule is unjust. Until the question is fully argued before us, and facts are presented demonstrating the rule's inefficacy, we decline to abandon a standard of

liability which has been consistently adhered to and has, until the 1974 repeal, enjoyed legislative approval.

While the lower court erred in concluding that Laws of 1974, 1st Ex. Sess., ch. 3, p. 2, does not apply to pending cases, it correctly held that the common–law rule in this state requires proof of gross negligence, where a guest in an automobile seeks to hold his host liable. It is that law which applies to the action.

The cause is remanded for trial accordingly.

WRIGHT, C.J., and HAMILTON, STAFFORD, UTTER, BRACHTENBACH, HOROWITZ, DOLLIVER, and HICKS, JJ., concur.