[No. 45396. En Banc. December 21, 1978.]

DEBBRA M. ROBERTS, *Appellant*, v. RANDALL W. JOHNSON, *Respondent*.

*Gerald L. Mikesell* and *Douglas A. Wilson* (of *Wilson & Mikesell*), for appellant.

*Nashem, Prediletto, Schussler & Halpin, Norman R. Nashem, Jr.,* and *Thomas A. Prediletto,* for respondent.

*Daniel F. Sullivan* and *Kerry D. Kidman* on behalf of Washington State Trial Lawyers Association and *Jeffrey L. Carey* on behalf of Washington Association of Defense Counsel, amici curiae.

ROSELLINI, J.—By Laws of 1974, 1st Ex. Sess., ch. 3, p. 2, the legislature repealed RCW 46.08.080 (the host–guest statute), thereby reinstating the common–law rule as it existed in this state prior to the enactment of the first host–guest statute in 1933 (Laws of 1933, ch. 18, p. 145). *Lau v. Nelson,* 89 Wn.2d 772, 575 P.2d 719 (1978). That

rule required that, in order to recover damages suffered as a result of the operation of a vehicle, a nonpaying passenger must prove that his host was guilty of gross negligence.

We indicated in *Lau v. Nelson, supra,* that we would be willing to reexamine that requirement should the question be raised and adequately argued. The appellant here challenges the justice and efficacy of the gross negligence standard. The briefs of both parties are supplemented by those of amici curiae, and the question is argued in sufficient breadth and depth to warrant our reconsideration of the rule which was first laid down in *Saxe v. Terry,* 140 Wash. 503, 250 P. 27 (1926). Having studied the arguments presented, we have concluded that the requirement of proof of gross negligence should be abandoned, and that it should be the duty of a driver to exercise ordinary care for the safety of his gratuitous passengers.

█ It was acknowledged in *Lau v. Nelson, supra,* that the common–law rule in the majority of states, in the absence of statute, is that the owner of an automobile owes a guest the duty of ordinary care so far as the operation of the vehicle is concerned. *See* 4 Blashfield, *Cyclopedia of Automobile Law and Practice* § 2311 (1946). *See also* 2 Harper & James, *The Law of Torts* § 16.15 (1956), where it is said that (in 1956) only two states adhered to the minority rule.[1]

While the host–guest statutes were founded on considerations of public policy, presumably the promotion of driver hospitality and the prevention of collusion between host and guest (*see Brewer v. Copeland,* 86 Wn.2d 58, 63, 542

---

[1]The authors also state that Washington's original host–guest statute, denying recovery except where the accident was intentional, was the most severe limitation on a guest's right to recover to be held constitutional. 2 Harper & James, *The Law of Torts* § 16.15 n.5 (1956). Constitutionality of the statute was upheld in *Shea v. Olson,* 185 Wash. 143, 53 P.2d 615, 111 A.L.R. 998 (1936). By amendment in Laws of 1957, ch. 132, p. 484, the requirement was softened somewhat, recovery being permitted where the host was guilty of gross negligence or was intoxicated. The constitutionality of the amended statute was upheld (5 to 4) in *Brewer v. Copeland,* 86 Wn.2d 58, 542 P.2d 445 (1975), where it was argued that it denied the plaintiff equal protection of the laws.

P.2d 445 (1975)), the rule which was adopted by this court in *Saxe v. Terry, supra,* and *Heiman v. Kloizner,* 139 Wash. 655, 247 P. 1034 (1926) had as its foundation the principle that the liability of one who has embarked upon a gratuitous undertaking should be less than the liability of one who undertakes to do the same thing for hire. Unfortunately, this court in those cases did not take cognizance of the rule with respect to the liability of a carrier for hire, which required the highest degree of care for the safety of its passengers, commensurate with the practical operation of its business. *Benjamin v. Seattle,* 74 Wn.2d 832, 447 P.2d 172 (1968); *Fleming v. Red Top Cab Co.,* 133 Wash. 338, 233 P. 639 (1925); *Singer v. Martin,* 96 Wash. 231, 164 P. 1105 (1917). Had the court done so, we think it would have seen that to impose a standard of ordinary care upon the gratuitous carrier would not be incompatible with the stated principle.

A careful reading of the opinion in *Heiman v. Kloizner, supra,* discloses that the standard of slight care was not formulated in that case. While we cited one opinion, *Massaletti v. Fitzroy,* 228 Mass. 487, 118 N.E. 168 (1917), holding that gross negligence must be proven, we quoted from another (*Avery v. Thompson,* 117 Me. 120, 103 A. 4 (1918)) language which speaks of reasonable care under the circumstances. Furthermore, this court reviewed the record and found that there was no credible evidence of negligence on the part of the host. The conclusion was that "in no event has appellant's negligence been shown to be of such high degree as to render him liable in damages to respondent, in view of her being in his automobile as his invited guest." *Heiman,* at 663.

When the same judges considered this question again in *Saxe v. Terry, supra,* the majority opinion recognized the fact that no standard of care had been defined in *Heiman v. Kloizner, supra.* Bridges, J., dissenting, would have adopted the standard of ordinary care. Here is the language by which the standard of gross negligence was adopted:

That opinion [*Heiman v. Kloizner, supra*] does not definitely fix the degree of lack of care which must be shown by an invited guest before liability will result. It holds that that degree is somewhere between that required where the carriage is one for hire and that necessary to be exercised with reference to the safety of a mere trespasser. From that it must follow that before an invited guest can recover a showing of gross negligence is necessary.

*Saxe v. Terry, supra* at 507.

Thus the rule of liability in this state had its genesis in judicial oversight. The opinion did not cite the rule with respect to carriers for hire, and evidently that rule was not drawn to the court's attention. It is evident that this court assumed the rule to be that a paid carrier was obliged to exercise no more than ordinary care for its passengers. As we have already noted, the rule was otherwise. The "highest degree" of care was required. Had the court had the correct rule in mind, there would have been no obstacle to the adoption of the requirement of ordinary care in the host–guest situation. The court's only concern—that the standard of care should be less than that of a paid carrier and more than that owed to a trespasser—would have been satisfied.

Having so casually alighted upon the standard of gross negligence, the court found no difficulty in equating the duty of the host driver with that of a gratuitous bailee, an equation which brought forth a cryptic comment from Hale, J., writing for the majority in *Nist v. Tudor,* 67 Wn.2d 322, 325, 407 P.2d 798 (1965). Speaking of the 1957 host–guest statutes, he said:

Thus, the legislature adapted from the courts a principle that an automobile driver owes the same duty of care for the safety of his passengers as he does for a borrowed lawnmower—a rule conceived long before the advent of the automobile.[2]

---

[2]Justice Hale's comparison showed the rule to be even more ironic than he apparently perceived, for the duty of a bailee, where the bailment is for his sole benefit (as in the case of a borrowed lawnmower), is to exercise great care. Such a

However mistakenly the rule was conceived, and even though it is a minority rule, we should not set it aside and adopt the majority rule, as we are asked to do here, without an inquiry into its validity as a rational, just, and practical standard of liability.

With regard to its rationality, it is important to consider the nature of the activity to which it relates. That the operation of a motor vehicle is a dangerous undertaking is quite universally recognized. The many statutes and ordinances governing such operation attest to the general recognition of this fact. Aside from the former host–guest statutes, we are aware of none which condones the exercise of less than ordinary care in the operation of such vehicles. It is not unreasonable to assume that, in repealing the last of these statutes, the legislature perceived their inconsistency with other statutes governing the conduct of drivers.

Consistency, while it falls short of dictating every judicial decision, is nevertheless one of the fundamental elements of justice. Not only does legislation respecting the operation of motor vehicles tend to emphasize the duty to exercise due care, but our own tendency in developing the common law has been to exact that same standard from persons whose activities may create an unreasonable risk of harm to others. Accordingly, we have held that where there is a condition on a possessor's land of which he knows or has reason to know, which he should realize involves an unreasonable risk of harm to licensees, the dangers of which he should expect they will not discover or realize, he has a duty to make that condition safe for them or to warn them of the danger. *Memel v. Reimer,* 85 Wn.2d 685, 538 P.2d 517 (1975). We have held that where the possessor's activities create an unreasonable risk of harm, he has a duty to exercise reasonable care to avoid injuring a person who is on his land with his permission and of whose presence he is, or should be, aware. *Potts v. Amis,* 62 Wn.2d 777, 384 P.2d

---

bailee is responsible for slight neglect in relation to the thing borrowed. 8 C.J.S. *Bailments* § 29 (1962).

825 (1963). If a host has a duty to exercise reasonable care toward his guest on his premises, he should also have that duty when he takes him as a passenger in his automobile, where the risk of harm is ordinarily much greater. The greater the risk of harm, the greater should be the duty to exercise care. *Ward v. Thompson,* 57 Wn.2d 655, 359 P.2d 143 (1961).

The respondent urges that the rule requiring proof of gross negligence should be retained, in order to forestall a rise in insurance rates which might follow if the rule of ordinary negligence is adopted. The suggestion is that one class of injured persons should be forced to accept their loss without compensation, in order that the public generally may enjoy lower insurance rates.

Such a proposition is hardly compatible with principles of equality. Furthermore, it assumes either that a rule of law which encourages careful driving will automatically result in higher insurance rates, or that the rule of slight care has resulted in the denial of recovery to a very large number of persons injured through the negligence of their hosts. If the former is true, it may be that the legislature should address its attention to the factors which may properly influence the setting of insurance rates. If the latter is true, that is further reason to question the soundness of the rule requiring proof of gross negligence.

In any event, the high cost of insurance, of which the court can take judicial notice, cannot be a controlling consideration when the court is asked to determine the rule of law which will best serve the cause of justice.

The respondent suggests that the rule, having existed for many years in common law or statutory form in this jurisdiction, must be presumed to be a just one, although it has been subject to considerable criticism. In jurisdictions where the common law prevails, it is the minority rule. In view of the fact that the rule was mistakenly conceived, that it is out of harmony with general principles of law pertaining to tort liability, that the legislature has manifested a disinterest in its continuation, and that it serves no

judicially acceptable purpose, its longevity alone does not justify its retention.

We hereby abandon the rule requiring proof of gross negligence where a nonpaying passenger in a motor vehicle is injured as a result of the manner of its operation, and adopt in its stead the rule which requires the exercise of due care for the safety of one's passengers. This necessitates the overruling of *Lau v. Nelson,* 89 Wn.2d 772, 575 P.2d 719 (1978), insofar as it applied the rule of gross negligence. Insofar as it held that the repeal of a statute restores the rule at common law, however, the opinion was correct and is reaffirmed. Also overruled are: *Heiman v. Kloizner,* 139 Wash. 655, 247 P. 1034 (1926); *Saxe v. Terry,* 140 Wash. 503, 250 P. 27 (1926); *Klopfenstein v. Eads,* 143 Wash. 104, 254 P. 854, 256 P. 333 (1927); *Blood v. Austin,* 149 Wash. 41, 270 P. 103 (1928); *Dailey v. Phoenix Inv. Co.,* 155 Wash. 597, 285 P. 657 (1930); *Craig v. McAtee,* 160 Wash. 337, 295 P. 146 (1931); *Connolly v. Derby,* 167 Wash. 286, 9 P.2d 93 (1932); *Dawson v. Foster,* 169 Wash. 516, 14 P.2d 458 (1932); *Eubanks v. Kielsmeier,* 171 Wash. 484, 18 P.2d 48 (1933); and *Meath v. Northern Pac. Ry.,* 179 Wash. 177, 36 P.2d 533 (1934).

We venture no opinion on the merits of the appellant's case.

The judgment is reversed and the cause remanded for further proceedings.

WRIGHT, C.J., and HAMILTON, STAFFORD, UTTER, BRACHTENBACH, HOROWITZ, DOLLIVER, and HICKS, JJ., concur.