[No. 46074. En Banc. October 18, 1979.]

LELAN M. LAU, *as Administrator, Appellant,* v.
RAY NELSON, ET AL, *Respondents.*

824

*Young, Cole & Gathe, Inc., P.S.,* by *Richard T. Cole* and *Nelvin Bettis,* for appellant.

*Merrick, Hofstedt & Lindsey,* by *H. J. Merrick* and *Sidney R. Snyder, Jr.,* for respondents Nelson.

*Wayne Murray* (of *Murray, Dunham & Waitt*), for respondents Magnochi.

ROSELLINI, J.—This is a wrongful death action brought against the driver of an automobile in which the deceased was a passenger, and against the alleged owner of the vehicle. The accident occurred before the repeal of the state's host–guest statute (Laws of 1974, 1st Ex. Sess., ch. 3, p. 2; former RCW 46.08.080) but had not gone to trial before the effective date of that repeal. On the day scheduled for trial, the plaintiff sought a declaration and order that the repeal was retroactive. The court's denial of that motion, based upon its holding that the law was not intended to apply retroactively, was brought to this court upon the granting of discretionary review, where it was affirmed upon a different ground. *Lau v. Nelson,* 89 Wn.2d 772, 575 P.2d 719 (1978). This court held that the law, being a repealing act, was intended to operate retroactively; that its effect was to reinstate the rule at common law with respect to the duties of a host driver, and that that rule required proof of gross negligence before a guest could recover. We stated that the rule might be unduly harsh but declined to abandon it, since the petitioner had not attempted to establish its

invalidity, and full argument and presentation of relevant facts would be required if it was to be reconsidered.[1] The case was remanded with directions to apply the rule of gross negligence, the common law in this state.

The trial was conducted accordingly. After the jury had returned its verdict in favor of both defendants and judgment had been entered, this court decided the case of *Roberts v. Johnson*, 91 Wn.2d 182, 588 P.2d 201 (1978), wherein we abandoned the rule requiring proof of gross negligence and held that the duty of a host driver is that of exercising ordinary care. In *Roberts*, the plaintiff had challenged the common–law rule in the trial court, in opposing the defendant's motion for summary judgment. The trial court had quite properly refused to usurp the appellate function by changing the rule and therefore granted the motion for summary judgment, there being no evidence of gross negligence. In this court the question was vigorously argued, both by counsel and by amici curiae representing proponents on either side.

The question whether retroactive application should be given to the new rule was not raised in that case and was not decided, although the plaintiffs were given the benefit of the change in rule. It is the general practice to afford the benefits of a rule change to the party whose efforts have convinced the court that the change should take place, even though the decision may otherwise operate only prospectively. *See Taskett v. KING Broadcasting Co.*, 86 Wn.2d 439, 546 P.2d 81 (1976), and the cases cited therein, and the annotation in 10 A.L.R.3d 1371 (1966), *Comment Note.— Prospective or Retroactive Operation of Overruling Decision.* The term "retroactive application" was not delineated

---

[1]The appellant's theory on the first appeal was that the repeal of the host–guest statute left standing the *general* rule at common law (a rule of ordinary negligence) rather than the common–law rule in this jurisdiction. It was argued that this was the legislative intent, but we pointed out that there was nothing in the bare language of the repealing act from which such an intent could be inferred, and that an intent to change the common–law rule could be expressed only by the passage of an amendatory act.

in the *Taskett* case, but the context, the decision, and the cited cases make it apparent that retroactivity with respect to the case before the court was the only issue under consideration. While retroactive application to the overruling case is the general rule, there are cases in which the equities of a party are so strong that the decision will not be applied in his case. An example is *Cascade Security Bank v. Butler,* 88 Wn.2d 777, 567 P.2d 631 (1977), wherein this court, changing the common law so as to make a vendee's interest in real property vulnerable to liens, held the change inapplicable in the case before it because of its inequitable impact on a purchaser who had acquired a vendee's interest in good faith and for value.

The question before us on this appeal is whether the change in the common–law rule should apply to this case, in which event a new trial would be required.

█ In considering whether a statute shall be given prospective or retroactive effect, as in the earlier appeal of this case, the object of the court is to ascertain the legislative intent, and principles of statutory construction must guide the decision. But when the question is whether an overruling case should be applied to cases arising prior to the decision, the question is one which rests in the discretion of the court which renders that decision.

In exercising that discretion, the courts have taken into account various factors affecting the question. With regard to the application of a change in the law of tort liability, the significant factors to be considered are set forth in *Vaughn v. Murray,* 214 Kan. 456, 521 P.2d 262 (1974). In that case, the Kansas Supreme Court decided that a decision holding unconstitutional the state's host–guest statute should not apply to error–free cases which had gone to judgment prior to the date of the decision, unless the constitutional question had been timely presented to the trial court.

The factors to be considered are:

(1) Justifiable reliance on the earlier law; (2) The nature and purpose of the overruling decision; (3) *Res judicata;*

(4) Vested rights, if any, which may have accrued by reason of the earlier law; and [5] The effect retroactive application may have on the administration of justice in the courts.

*Vaughn,* at 464.

The court also noted, citing sections 12, 13, 22 and 32 of the annotation in 10 A.L.R.3d 1420, 1423, 1434 and 1444, that the procedural and substantive aspects of an overruling decision are often so intertwined that most of the modern cases make no distinction between the two so far as retroactive or prospective application is concerned. As further pointed out in that case, where a decision with respect to retroactivity is made, there are several choices before the court. These are:

(1) Purely prospective application where the law declared will not even apply to the parties to the overruling case; (See cases collected in 10 A. L. R. 3d, § 7, p. 1393 [*State ex rel. State Fin. Comm. v. Martin,* 62 Wn.2d 645, 384 P.2d 833 (1963); *c.f., Cascade Security Bank v. Butler,* 88 Wn.2d 777, 567 P.2d 631 (1977)].) (2) Limited retroactive effect where the law declared will govern the rights of the parties to the overruling case but in all other cases will be applied prospectively; (See . . . cases collected in 10 A. L. R. 3d, § 8 [b], p. 1399.) (3) General retroactive effect governing the rights of the parties to the overruling case and to all pending and future cases unless further litigation is barred by statutes of limitation or jurisdictional rules of appellate procedure; (See cases collected in 10 A. L. R. 3d, § 8 [e], pp. 1407–1412 [*Haines v. Anaconda Aluminum Co.,* 87 Wn.2d 28, 549 P.2d 13 (1976)].) and (4) Retroactive effect governing the rights of the parties to the overruling case and to other cases pending when the overruling case was decided and all future cases, but limited so the new law will not govern the rights of parties to cases terminated by a judgment or verdict before the overruling decision was announced. (See . . . cases collected in 10 A. L. R. 3d, § 8 [c, d], pp. 1401–1407.)

*Vaughn,* at 465–66.

 The Kansas court, and rightly we think, attached much significance to the impact of the new decision upon

litigants and the trial courts, and to the desirability of giving finality to those cases which have gone to judgment in error–free trials under the existing law. We consider those factors determinative here. It is true that, as the appellant points out, it cannot realistically be said that a person behaving negligently does so in reliance upon a rule of law which protects him in that negligence, particularly when he is operating such a dangerous instrumentality as an automobile. On the other hand, when a negligence case goes to trial, the parties and the court have a reasonable expectation that the law as it exists at that time will apply to the proceedings, and they should be justified in governing their actions accordingly.

A second trial is an expensive and time–consuming undertaking, and the outcome is seldom certain. In the present case, the appellant makes only a slight showing of negligence on the part of the respondent driver, and it is problematic that a jury would find him guilty of even ordinary negligence. It would be unfair to the respondents, who have already been required to defend two appeals, to subject them to further litigation in this matter. We believe that, where retroactivity is at issue, interests involved in the administration of justice outweigh the interests of plaintiffs in enjoying the new rights accorded in *Roberts v. Johnson, supra.* Accordingly, the decision will be applicable to cases which had not gone to judgment when it was decided, and to all cases in which a new trial is granted for some other error in the trial. The exception granted by the Kansas court, where the question had been timely raised in the court below, was appropriate under the facts of the case. In the decision which had brought about a change in the law, a statute had been declared unconstitutional, an action which may be taken by a trial court if a statute is challenged at that level. The overruling of a prior decision, however, can be done only at the appellate level, and to

request a trial court to take that step is a useless act.[2] Consequently, in a case such as this, the fact that the question may have been raised in the lower court, standing alone, is not a significant factor.

█ It is claimed that the court erred in refusing to permit an investigating officer to give his opinion of the cause of the accident. Whether a witness will be allowed to give his opinion with respect to a matter upon which the trier of the fact is capable of forming a correct judgment is a question which lies in the sound discretion of the trial judge, the exercise of which will not be disturbed on appeal in the absence of a showing of manifest abuse. *Swartley v. Seattle School Dist. 1,* 70 Wn.2d 17, 21–22, 421 P.2d 1009 (1966). Here, the appellant has brought up only a part of the record, which does not reveal the evidence which was placed before the jury in regard to the circumstances of the accident. Consequently we must assume that there was evidence upon the question of causation which the jury was capable of understanding without the aid of an expert. We are in no position to say that the lower court abused its discretion in excluding this opinion testimony and must hold the assignment of error to be without merit.

Having determined that the decision in *Roberts v. Johnson,* 91 Wn.2d 182, 588 P.2d 201 (1978), should not apply in this instance, we need not consider whether, as the respondent contends, our decision on the first review of this case became the law of the case, not subject to reversal on a subsequent appeal. *See Pier 67, Inc. v. King County,* 78 Wn.2d 48, 469 P.2d 902 (1970).

There being no error in the proceedings below, the judgment is affirmed.

WRIGHT, HOROWITZ, HICKS, and WILLIAMS, JJ., and HAMILTON, J. Pro Tem., concur.

---

[2]Here, an instruction on ordinary negligence was requested but only cursorily argued, counsel evidently being aware of the futility of arguments that the trial court should overrule past decisions of this court.

DOLLIVER, J. (dissenting)—In 1974, plaintiff filed a negligence action against defendants, who were the owners and operator of an automobile in which plaintiff's wife had been killed. Plaintiff sought a declaration by the trial court that the old host–guest statute (Laws of 1974, 1st Ex. Sess., ch. 3, p. 2) did not apply as a defense in the action. The trial court ruled that the repeal of that statute was not intended to be retroactive, a ruling which we held to be erroneous on the first appeal of this action. *Lau v. Nelson,* 89 Wn.2d 772, 575 P.2d 719 (1978). However, we upheld the court's ruling that plaintiff would have to prove gross negligence on the part of the driver. We applied this state's common–law rule of gross negligence which was the same standard as that contained in the host–guest statute and which took effect upon repeal of the statute. Because plaintiff had contended that the general common–law rule of ordinary negligence was reinstated by the repeal of the statute, he had not attacked the validity of the premises upon which the gross negligence common–law rule in Washington was based.

Nine months later, we abandoned the gross negligence common–law rule in *Roberts v. Johnson,* 91 Wn.2d 182, 588 P.2d 201 (1978). The *Roberts* case was heard after the decision in *Lau v. Nelson, supra,* had been published, and counsel in that case, taking a hint from our statement in *Lau* that we might abandon the rule if proper arguments were submitted to us, argued the injustice of the gross negligence rule and won a victory for his clients. Now a majority of this court is not willing to allow plaintiff to take advantage of the abandonment of the gross negligence common–law rule.

We held in *Lau v. Nelson, supra,* that, when the *statute* repealing the host–guest statute was enacted, its effect was retroactive and the plaintiff in that case received the benefit of the retroactivity. In the present case the circumstances are identical except that, instead of the repeal of the statutory standard of gross negligence by the legislature, we have the "repeal" of this common–law standard of gross negligence by the court.

I am unable to discern from the language of the court in *Lau v. Nelson, supra,* or the majority in this case a rational distinction between the two circumstances. If plaintiff was entitled to retroactivity in the first case, there is no valid reason in logic or law why retroactivity should not be granted here.

Plaintiff's counsel, by arguing the inapplicability of the gross negligence rule on the first appeal, unquestionably paved the way for the *Roberts* decision. His client should be given the benefit of the abandonment of that rule, and is entitled to a new trial in which the defendants' standard of care is defined as ordinary negligence. To do otherwise, in my opinion, commits an unconscionable and unexplainable injustice against plaintiff.

In accordance with the general rule that an overruling decision is to be given retroactive effect unless the decision specifies otherwise (*Haines v. Anaconda Aluminum Co.,* 87 Wn.2d 28, 549 P.2d 13 (1976)), I would reverse the trial court and remand for a new trial.

UTTER, C.J., and BRACHTENBACH, J., concur with DOLLIVER, J.