[No. 50599–3. En Banc. December 12, 1985.]

SEATTLE–KING COUNTY COUNCIL OF CAMP FIRE, ET AL, *Respondents*, v. THE DEPARTMENT OF REVENUE, ET AL, *Appellants*.

*Kenneth O. Eikenberry, Attorney General,* and *William B. Collins, Assistant; Norm Maleng, Prosecuting Attorney*

*for King County,* and *Sandra L. Cohen, Deputy; William H. Griffies, Prosecuting Attorney for Pierce County,* and *Robert Dick, Deputy;* and *James R. Miller, Prosecuting Attorney for Lewis County,* and *Eugene Butler, Deputy,* for appellants.

*Davis, Wright, Todd, Riese & Jones,* by *Dennis E. Kenny* and *Carrie J. Rehrl,* for respondents Seattle–King County Council of Camp Fire, et al.

*Reed, McClure, Moceri, Thonn & Moriarty,* by *Pamela A. Okano,* for respondent Sisters of Providence.

UTTER, J.—A declaratory judgment was sought by the Seattle–King County Council of Camp Fire and other cross appellants, hereinafter referred to as Taxpayers. The court was asked to determine the construction and validity of RCW 84.36.810 and the 1983 amendments to that provision. Section 810 creates a "rollback" provision which takes effect when property, formerly exempt from taxation, is no longer used for the exempt purpose. Taxpayers seek reversal of that portion of the trial court's decision which upholds the statute's basic rollback provisions. Appellants, the State Department of Revenue and various local taxing authorities, hereinafter referred to as the State, seek reversal of those portions of the trial court's decision which award partial relief to cross appellants.

We decline to reach Taxpayers' constitutional challenges to the administration of the statute because this case comes to us on a declaratory judgment action to construe the constitutionality of the statute. We find the 1983 amendments to RCW 84.36.810 apply retroactively to limit the State's tax collecting authority. We also construe RCW 84.36.810 to apply retroactively so that interest accrues on the tax liability from the point at which the taxes would have been delinquent had no exception been granted.

This dispute took the form of a declaratory judgment action "concerning the proper construction and the constitutionality of RCW 84.36.810". Clerk's Papers, at 12.

The court, therefore, may determine only the facial validity of the statute itself, not the executive branch's administration of that statute. RCW 84.68 and RCW 84.69 provide adequate remedies for any harm resulting from the alleged improper administration. In this state, "a plaintiff is not entitled to relief by way of a declaratory judgment if, otherwise, he has a completely adequate remedy available to him." *Reeder v. King Cy.*, 57 Wn.2d 563, 564, 358 P.2d 810 (1961).

Taxpayers own property which has been granted tax exempt status under RCW 84.36.030. When this action was brought in 1982, they had either stopped using the property for exempt purposes or planned to do so. They argue that the rollback statute violates several constitutional provisions: (1) the due process clauses of the Washington and United States Constitutions; (2) the uniformity provision of Const. art. 7, § 1 (amend. 14); (3) Const. art. 7, §§ 1, 5, and 6, which deal with the manner in which taxes are to be levied and collected; and (4) Const. art. 11, § 12, which precludes the State from collecting taxes for municipal purposes. Taxpayers also urge the court to construe the statute so that interest on taxes due will be calculated from the date the exemption is declared expired.

Prior to 1983, the statute read in pertinent part:

> Upon cessation of a use under which an exemption has been granted . . . the county treasurer shall collect all taxes which would have been paid had the property not been exempt during the seven years preceding . . . together with the interest at the same rate and computed in the same way as that upon delinquent property taxes.

Laws of 1977, 1st Ex. Sess., ch. 209, § 1. The 1983 amendment reduced the collection period from 7 years to 3 and added the following proviso: "[W]here the property has been granted an exemption for more than ten years, taxes and interest shall not be assessed under this section." Laws of 1983, ch. 185, § 1. While each of the Taxpayers ceased to use their respective properties prior to July 24, 1983, when the amendment became effective, the trial court found that

it could not be determined when the State, through the appropriate county officials, issued the tax statements to Taxpayers. Findings of fact, at 20. Only one, Seattle Camp Fire, has paid the rollback taxes (February 3, 1982).

Once the 1983 amendments were adopted, Taxpayers also asked the court to hold that the statutory changes applied retroactively. For the several Taxpayers who had held their tax exemptions for more than 10 years, retroactive application of the 1983 amendment would preclude the State from assessing any tax or interest. For the remaining plaintiffs, retroactive application would reduce their liability from 7 years' back taxes to 3. The State, on the other hand, has argued that the 1983 amendments must be applied prospectively.

The trial court concluded that an interpretation of RCW 84.36.810 which would impose "interest for taxes prior to cessation of use" would be "manifestly unfair" and unconstitutional. Clerk's Papers, at 20, 24. The court felt that such an interpretation would violate not only the due process clause, but also amendments 14 and 64 of the state constitution. The court therefore ruled that RCW 84.36.810 should be interpreted to require payment of interest only from "the due date of the new obligation imposed under Section 810." Clerk's Papers, at 25. The court also agreed with the Taxpayers' contention that the 1983 amendments are remedial and should be applied retroactively. Clerk's Papers, at 23. The court, however, rejected the Taxpayers' remaining constitutional challenges to the statute and upheld the basic rollback provisions of RCW 84.36.810.

Taxpayers raise several challenges to the statute based on what they allege to be constitutional inadequacies in the method of levying, assessing, collecting, and disbursing the tax revenue.

The State, in its appeal, raises the following issues: (1) Do the 1983 amendments to RCW 84.36.810 apply retroactively so as to affect the State's authority to collect taxes which arguably became due prior to the effective date of the amendments? (2) Does the interest imposed under

RCW 84.36.810 begin to run from the time (a) the taxes would have been due had there been no exemption granted, or (b) the property ceased to be used for exempt purposes, or (c) Taxpayer received a tax statement from the collecting authority?

## I
### RETROACTIVITY OF THE STATUTE
### A. The Constitutional Challenges

1. Const. art. 8, §§ 5, 7

In affirming the trial court's application of the 1983 amendments to section 810, we reject the State's position that Const. art. 8, §§ 5 and 7 preclude the Legislature from repealing taxes which are vested in the State prior to the effective date of the repealing statute.

Const. art. 8, § 5 provides, "The credit of the state shall not, in any manner be given or loaned to, or in aid of, any individual, association, company or corporation." Const. art. 8, § 7 similarly precludes cities and other municipal corporations from giving "any money, or property, or loan-[ing] its money, or credit to or in aid of any individual, association, company or corporation . . ."

 Based on its theory of vesting, the State contends that repealing a tax which has come due constitutes a gift of credit or money to the affected taxpayer. While "tax money heretofore *collected* validly cannot be refunded simply on the basis of the retroactive repeal" (italics ours), *Yakima v. Huza,* 67 Wn.2d 351, 359, 407 P.2d 815 (1965), this limitation on legislative power does not apply before the taxes have been collected. *See Snow's Mobile Homes, Inc. v. Morgan,* 80 Wn.2d 283, 292, 494 P.2d 216 (1972) (the "legislature had the power to cut off the tax liability at any stage"); *North Spokane Irrig. Dist. 8 v. Spokane Cy.,* 173 Wash. 281, 283, 22 P.2d 990 (1933) ("the state, through its legislature, may abolish . . . a tax lien of any kind").

This court's most recent decision involving Const. art. 8, §§ 5 and 7 indicates that a tax may be repealed retroactively so long as the repeal does not require an expenditure

of public funds. *See Higher Educ. Facilities Auth. v. Gardner*, 103 Wn.2d 838, 699 P.2d 1240 (1985). The issue in *Higher Educ. Facilities Auth.* was whether the Governor could validly sign bonds which would be sold to raise funds for private universities. This court held that issuance of the bonds would constitute neither a gift of public money nor property nor a loan of state credit. In reaching these conclusions, the court noted that, "[t]he State parts with nothing in allowing its tax exempt status to be used . . ." and that, "[n]o money comes from the public treasury." *Higher Educ. Facilities Auth.*, 103 Wn.2d at 844, 848. Although the court also mentioned other factors, the absence of any actual public expenditure was clearly an important consideration. Therefore, unless the State must actually return money to the affected Taxpayers,[1] this reasoning implies that a retroactive tax repeal will not contravene Const. art. 8, §§ 5 or 7; *see also Marysville v. State*, 101 Wn.2d 50, 52–53, 676 P.2d 989 (1984); *State Housing Fin. Comm'n v. O'Brien*, 100 Wn.2d 491, 494–95, 671 P.2d 247 (1983) (holding that the inquiry under these sections "focuse[s] primarily on the risk that the state program pose[s] to the public treasury . . ."); *In re Marriage of Johnson*, 96 Wn.2d 255, 267, 634 P.2d 877 (1981) (plurality opinion noting that the framers intended only to address "the risk of endangering public funds . . .").

2. Due Process

 Most of Taxpayers' due process claims arise from challenges to the administration of the statute which we do not reach. Taxpayers, however, also contend that section 810 is constitutionally vague because it does not indicate

---

[1]Because Seattle–King County Council of Camp Fire paid its taxes almost 18 months before the 1983 amendments became effective, it follows from this holding that it cannot claim a refund under those amendments as they are retroactively applied. This raises no equal protection problem because Camp Fire is not "similarly situated" with the other taxpayers. *See Bellevue Sch. Dist. 405 v. Brazier Constr. Co.*, 100 Wn.2d 776, 781, 675 P.2d 232, *adhered to on rehearing*, 103 Wn.2d 111, 691 P.2d 178 (1984). Unlike the other taxpayers, it elected to avoid further delinquency charges by paying its taxes on February 3, 1982.

when the tax comes due and how it is levied. For a statute to be void for vagueness, it must fail to describe the required conduct with sufficient clarity to apprise citizens of their legal obligations. *See, e.g., Grayned v. Rockford,* 408 U.S. 104, 108, 33 L. Ed. 2d 222, 92 S. Ct. 2294 (1972).

Concerning the manner in which the tax is levied, section 810 is sufficiently clear to apprise persons of ordinary intelligence that they will be liable for back taxes if they cease to use tax exempt property for an exempt purpose. The statute also makes it clear that interest will be imposed once the tax exemption ends. By referring to the ordinary method of calculating interest on delinquent taxes, the statute incorporates the provisions of RCW 84.56.020, which the Taxpayers do not challenge as vague.

> (1) *Upon cessation of a use under which an exemption has been granted* pursuant to RCW 84.36.030, 84.36.040, 84.36.050, 84.36.060, and 84.36.037, *the county treasurer shall collect all taxes which would have been paid had the property not been exempt during the three years preceding,* or the life of such exemption, if such be less, *together with the interest at the same rate and computed in the same way as that upon delinquent property taxes: . . .*

(Italics ours.) RCW 84.36.810(1). Taxpayers fail to carry their burden of demonstrating that ordinary taxpayers are unable to understand the basic operation of the rollback statute. The Department's evident failure to inform individual taxpayers of the effect of the statute does not render the statute itself any less clear. Thus, we conclude that the trial court properly rejected the Taxpayers' due process argument. *See Higher Educ. Facilities Auth. v. Gardner, supra.*

■ There is *not,* therefore, any reason to hold that either the 1983 amendment to section 810, or section 810 itself, is constitutionally invalid. The Taxpayers have failed to meet their burden to "demonstrate beyond a reasonable doubt that the statute is invalid and [to] rebut the presumption that all legally necessary facts exist." *Higher Educ. Facilities Auth. v. Gardner,* 103 Wn.2d 838, 843, 699

P.2d 1240 (1985). Whether the amendments should be applied retroactively, thus, depends upon ordinary principles of statutory construction.

## B. The Construction of the Statute

 The Taxpayers rely on the general rule that repealing acts "terminate all rights dependent upon the repealed statute and all proceedings based upon it." *Lau v. Nelson*, 89 Wn.2d 772, 774, 575 P.2d 719 (1978). The State contends that this rule does not apply because the 1983 legislation constituted an amendment rather than a repeal. This contention ignores our long–standing recognition that an amendatory act constitutes a repeal of the amended act to the extent the two acts are inconsistent. *See, e.g., Goodnoe Hills Sch. Dist. 24 v. Forry*, 52 Wn.2d 868, 877, 329 P.2d 1083 (1958) (quoting *Henry v. McKay*, 164 Wash. 526, 534, 3 P.2d 145, 77 A.L.R. 1025 (1931)); 1A N. Singer, *Statutory Construction* § 23.12 (4th ed. 1985).

Our recognition of the retroactivity rule does not, contrary to the State's contention, "operate to destroy vested rights". *Lau v. Nelson, supra* at 774. The State has no "vested right" to the uncollected taxes because the Legislature may "cut off . . . liability at any stage" prior to collection. *Snow's Mobile Homes, Inc. v. Morgan, supra* at 292. A more recent court decision found that the State's "accrued right to collect inheritance taxes", *In re Estate of Hitchman*, 100 Wn.2d 464, 466, 670 P.2d 655 (1983), was an "existing right" to be protected from retroactive application of a major tax law revision by a savings clause. *Hitchman*, at 469. Because of the "savings clause", however, the court did not have to address the dissent's invocation of *Snow's Mobile Homes*, recognizing the Legislature's power to extinguish a tax obligation. *See Hitchman*, at 472 (Brachtenbach, J., dissenting); *see also Henry v. McKay*, 164 Wash. 526, 535, 3 P.2d 145, 77 A.L.R. 1025 (1931) (holding that the State, through its Legislature, may retroactively "release the delinquent property–owner from [tax] liabilities due to the state . . .").

Given our consistent treatment of amendatory acts, we cannot assume that the Legislature "intended" the 1983 amendments to apply prospectively only. Such an assumption would require this court to read a savings clause *into* those provisions, a clause which the Legislature apparently chose not to include. We are especially unwilling to second-guess the Legislature in matters of taxation. Even in tax classificatory matters, which can raise equal protection concerns, "'[a] very wide discretion must be conceded to the legislative power of the State . . .'" *Sonitrol Northwest, Inc. v. Seattle,* 84 Wn.2d 588, 593, 528 P.2d 474 (1974) (quoting *Puget Sound Power & Light Co. v. Seattle,* 172 Wash. 668, 673, 21 P.2d 727 (1933), *aff'd,* 291 U.S. 619, 78 L. Ed. 1025, 54 S. Ct. 542 (1934)). Where, as here, the legislation affects only the applicable time period for the rollback and does not alter the classificatory system, we find even less reason to second-guess the Legislature.

## II
### INTEREST

■ Based on our reading of the statute, we hold that interest begins to accrue from the date the rollback taxes would have been delinquent, but for the exemption. The statute provides, in relevant part:

> (1) Upon cessation of a use under which an exemption has been granted pursuant to RCW 84.36.030, 84.36.040, 84.36.050, 84.36.060, and 84.36.037, the county treasurer shall collect all taxes which would have been paid had the property not been exempt during the three years preceding, or the life of such exemption, if such be less, together with the interest at the same rate and computed in the same way as that upon delinquent property taxes: *Provided,* That where the property has been granted an exemption for more than ten years, taxes and interest shall not be assessed under this section.

RCW 84.36.810(1). The method for collecting interest on delinquent property taxes is set forth in RCW 84.56.020:

> All taxes upon real and personal property made payable by the provisions of this title shall be due and payable to the treasurer as aforesaid on or before the thirtieth day

of April and shall be delinquent after that date: . . .

Delinquent taxes under this section are subject to interest at the rate of twelve percent per annum computed on a monthly basis from the date of delinquency until paid. Interest shall be calculated at the rate in effect at the time of payment of the tax, regardless of when the taxes were first delinquent. In addition, delinquent taxes under this section are subject to penalties as follows: . . .

Section 810 does not, on its face, expressly identify whether interest is to be computed from the time the tax liability would have arisen were there no exemption or from the time the property ceased to be exempt property. To qualify for the exemption, however, the property had to be "irrevocably dedicated to the purpose for which exemption has been granted . . ." Former RCW 84.36.805(b). If the Taxpayers were, ultimately, not entitled to the exemption because they did not irrevocably dedicate the property subject to the rollback tax, they should be treated as property owners who have not paid their property taxes, that is, as taxpayers whose property was never exempt.

Buttressing this conclusion is the section 810 requirement that the treasurer collect tax and interest "upon cessation of use". At that time the only interest to which the statute could refer is interest that would have already accrued had the taxes been delinquent. Moreover, the statute requires that the treasurer compute and collect back taxes and interest "at the same rate and . . . in the same way as [he does] delinquent property taxes . . ." RCW 84.36.810(1); *see also* RCW 84.56.020 (procedures for computing and collecting delinquent property taxes).

This interpretation is further strengthened by the Department of Revenue's long–standing construction of section 810 as requiring retroactive application of the interest requirement. While section 810 has been amended four times since first enacted in 1973, the Legislature has never altered the interest provision. Moreover, the Legislature was aware of the Department's construction when it enacted the 1983 and 1984 amendments to section 810 and

it did not repudiate that construction. Committee on Ways and Means, Report on H.B. 269 (Mar. 9, 1983).

> Where a statute is ambiguous, construction placed upon it by the officer or department charged with its administration is not binding on the courts but is entitled to considerable weight in determining the legislative intention, and the persuasive force of such interpretation is strengthened when the legislature, by its failure to amend or by amending some other particular without repudiating the administrative construction, silently acquiesces in the administrative interpretation. *White v. State,* 49 Wn. (2d) 716, 306 P. (2d) 230 [1957].

*Hart v. Peoples Nat'l Bank,* 91 Wn.2d 197, 201, 588 P.2d 204 (1978) (quoting *Bradley v. Department of Labor & Indus.,* 52 Wn.2d 780, 786–87, 329 P.2d 196 (1958)). Finally, we note that "tax exemptions are to be strictly construed in favor of the tax and, as a corollary, they are not to be extended beyond the scope clearly indicated by the legislature." *Mac Amusement Co. v. Department of Rev.,* 95 Wn.2d 963, 966, 633 P.2d 68 (1981).

We hold that section 810 withstands all constitutional challenges presented. In construing the statute, we find that the 1983 amendments apply to limit Taxpayers' tax liability and that interest accrues from the time at which the taxes would have been due if the property had not enjoyed exempt status.

DOLLIVER, C.J., and BRACHTENBACH, DORE, PEARSON, ANDERSEN, CALLOW, GOODLOE, and DURHAM, JJ., concur.