[No. 50938-7.   En Banc.   January 3, 1985.]

ROGER R. MILBRADT, *Respondent,* v. DENNIS SPIRO MARGARIS, *Appellant.*

*Calbom, Pond, Falkenstein, Warme & Engstrom,* by *Ronald S. Marshall,* for appellant.

*David B. Hallin* and *C. Michael McLean,* for respondent.

DOLLIVER, J.—On April 2, 1979, a judgment was entered in the amount of $10,900 against defendant Dennis Margaris, a married man. The judgment was based on a jury verdict in which the jury found defendant had intentionally assaulted and battered plaintiff Roger Milbradt. Defendant was the sole defendant. The marital community was dismissed as defendant after the plaintiff's case in chief was completed. No appeal was taken from this action.

Since defendant had no separate property, on August 19, 1982, plaintiff sought a writ of garnishment against *one-half* of defendant's wages at the Longview Fibre Company. Defendant opposed the writ claiming that, as community property, his wages were not subject to garnishment proceedings for purposes of satisfaction of plaintiff's separate judgment. Defendant alleged that *deElche v. Jacobsen,* 95 Wn.2d 237, 622 P.2d 835 (1980), wherein this court held on December 31, 1980, a tortfeasor spouse's one-half interest in community personal property may be subject to separate tort liability, did not apply retroactively so as to permit plaintiff to garnish defendant's wages pursuant to the 1979 judgment. Defendant's motion to quash the writ of garnishment was denied. Judgment was entered upon the writ allowing plaintiff to garnish one-half of defendant's earnings at the Longview Fibre Company.

The issue before us is whether *deElche v. Jacobsen,* holding that a separate tort judgment could be satisfied from one-half of a tortfeasor spouse's community property, should apply retroactively.

Defendant argues *deElche* should not be applied retroactively since, at the time he tried the tort action, he relied on pre-*deElche* community property law, which immunized community property from separate tort judgments. Stressing the policy that the law should not, without compelling reasons to the contrary, immunize tortfeasors or deny their victims remedies, plaintiff urges *deElche* be applied retroactively.

In *Lau v. Nelson,* 92 Wn.2d 823, 601 P.2d 527 (1979) (*Lau* II), the court set forth a test for determining whether

an overruling case should be given retroactive effect:

The factors to be considered are: (1) Justifiable reliance on the earlier law; (2) The nature and purpose of the overruling decision; (3) *Res judicata*; (4) Vested rights, if any, which may have accrued by reason of the earlier law; and [5] The effect retroactive application may have on the administration of justice in the courts.

*Lau* II, at 826–27.

■ (1) <u>Justifiable Reliance.</u> Applying a "reliance" analysis to the present case, we believe *deElche* should be applied retroactively. In holding community property could be subject to a separate tort judgment, the *deElche* court did not create a new "liability", the nonexistence of which was relied upon by tortfeasor Margaris when he assaulted plaintiff Milbradt. On the contrary, application of *deElche* merely affects the ultimate remedy available to plaintiff. *Cf. Cascade Sec. Bank v. Butler,* 88 Wn.2d 777, 567 P.2d 631 (1977) (decision overruling definition of real estate purchaser for purposes of the judgment lien statute prospective only since real estate industry has relied on overruled case); *State ex rel. State Fin. Comm. v. Martin,* 62 Wn.2d 645, 384 P.2d 833 (1963) (state bond obligations); *Rubenser v. Felice,* 58 Wn.2d 862, 365 P.2d 320 (1961) (will); *Abernathy v. Sisters of St. Mary's,* 446 S.W.2d 599 (Mo. 1969) (decision overruling charitable hospital immunity prospective).

Citing *Lau* II, defendant stresses that he relied on pre–*deElche* law in planning the strategy for the tort trial, *e.g.,* he perhaps would have settled the case or handled it differently if he had known his community property would be a source from which a judgment might be collected.

While the *Lau* II court alluded to this type of reliance, it is not persuasive in this case. The *Lau* II reference to a litigant's reliance at trial was directed at the fact that a new trial would be necessary in that case due to the change in the negligence standard. Here, no new trial would be necessary if *deElche* is applied retroactively; *deElche* only changes the way in which the successful plaintiff could

*enforce* his judgment. It does not require relitigation of the finding that defendant was liable. *Accord, Legal Method— Deciding the Retroactive Effect of Overruling Decisions— Lau v. Nelson, 92 Wn.2d 823, 601 P.2d 527 (1979),* 55 Wash. L. Rev. 833, 841 (1980) ("Usually the reliance interest protected by limiting the retroactive effect of an overruling decision is a person's reliance on the old rule in the conduct of daily affairs, and not in subsequent litigation.") Defendant's reliance interest would not be prejudiced if *deElche* is applied retroactively.

    ■ (2) Nature and Purpose of Overruling Decision. The analysis of this factor is summed up as follows:

> If the purpose of the new rule is promoted by applying it to cases that arose before the overruling decision, the balance is tipped toward retroactive application. If the purpose is unaffected by retroactive application, other factors, such as reliance or the administration of justice, will assume greater importance.

(Footnotes omitted.) 55 Wash. L. Rev. at 838–39. In *Taskett v. KING Broadcasting Co.,* 86 Wn.2d 439, 546 P.2d 81 (1976), the court held its decision overruling the "actual malice" requirement in defamation cases would apply retroactively. The *Taskett* court noted at page 449:

> The purpose of adopting a negligence criteria is to reassert our legitimate state interest in providing a realistic remedy for private individuals actually injured by a defamatory falsehood. . . . Only through retroactive application can the rule enunciated in this opinion fully effectuate the purpose intended . . . [W]hile reliance was once considered to be the controlling criteria, recent decisions demonstrate that it has been replaced by the *purpose* and *effect* of the civil rule.

(Citations omitted.)

    In overruling the immunity traditionally accorded community property, *deElche* sought to bring Washington community property law more into line with the historical purposes of community property:

> [T]he best rule for dealing with tort recoveries from married persons is one which will impose liability on the

community when a tort is done for the community's benefit, protect the property of the innocent spouse if the tort was separate, and at the same time allow recovery by the victim of a solvent tort–feasor. Our present concept of the law fulfills none of these goals. . . . The system which we now establish balances these competing legal and societal considerations.

*deElche*, 95 Wn.2d at 244–45. *deElche* did *not* create a "new liability". It merely discarded the erroneous notion that the community must be protected from "the 'misdeeds, improvidence or mismanagement'" of the spouse. *deElche*, at 242. *Cf. Schramm v. Steele*, 97 Wash. 309, 166 P. 634 (1917). A remedy was fashioned which balances the interests of the innocent spouse and the tort victim. *See* Note, *deElche v. Jacobsen: Recovery From Community Property for a Separate Tort Judgment*, 6 U. Puget Sound L. Rev. 139 (1982).

Our refusal to apply *deElche* retroactively would merely clothe defendant with a legal immunity based on an archaic community property concept. Under these circumstances, it would be unjust to deny plaintiff the right to enforce his judgment. As we noted in *Taskett*:

[A]bsent unique circumstances, we have consistently applied our decisions retroactively *whenever the intended purpose was to provide a remedy for an individual who has been tortiously injured and now seeks redress before this court.*

(Italics ours.) *Taskett*, at 449. Applying a reliance analysis, the argument for retroactivity is persuasive.

■ (3) Effect on the Administration of Justice. The thrust of this factor is whether retroactive application of *deElche* will "cast substantial doubt upon the validity of numerous prior judgments, and would impose a great burden on the administration of justice by allowing many cases to be relitigated . . ." Annot., *Comment Note.—Prospective or Retroactive Operation of Overruling Decision*, 10 A.L.R.3d 1371, 1391 (1966). *See, e.g., Gosa v. Mayden*, 413 U.S. 665, 683–84, 37 L. Ed. 2d 873, 93 S. Ct. 2926 (1973) (extent to which a retroactive decision would "affect the

validity of many criminal convictions"); *Slater v. Blackwood,* 15 Cal. 3d 791, 543 P.2d 593, 126 Cal. Rptr. 225 (1975) (cast doubt on the finality of any judgment dependent upon a then valid substantive defense later held to be unavailable); *In re Bonds,* 26 Wn. App. 526, 530–31, 613 P.2d 1196 (1980) (require a parole board to "reopen the files of every inmate serving a fixed minimum term in the state's penal institutions").

Retroactive application of *deElche* may encourage plaintiffs whose tortfeasors are judgment proof to levy against the tortfeasor's community personal property. On the other hand, *deElche* merely affects the means under which a tort victim collects a judgment; it does not, unlike the cases cited, require relitigation of the cause of action itself. Moreover, as one commentator noted:

> Preferring administrative efficiency to the retroactive granting of new rights to injured plaintiffs does not appear to be the usual posture of the Washington Supreme Court.

*Legal Method,* 55 Wash. L. Rev. at 840 n.41. Other commentators have likewise criticized the denial of retroactivity solely for administrative reasons. *See* Note, *Prospective Overruling and Retroactive Application in the Federal Courts,* 71 Yale L.J. 907, 950–51 (1962). Furthermore, the laws of Washington require judgments to be executed within 10 years from the rendition thereof. *See* RCW 6.04-.010. It does not appear the retroactive application of *deElche* will unduly burden the administration of justice.

The questions of res judicata and vested rights have not been discussed by the parties and need not be considered by us.

■ The tests for retroactivity have been met; *deElche v. Jacobsen,* 95 Wn.2d 237, 622 P.2d 835 (1980) is to be applied retroactively; the trial court is affirmed.

WILLIAMS, C.J., UTTER, BRACHTENBACH, DORE, DIMMICK, PEARSON, and ANDERSEN, JJ., and CUNNINGHAM, J. Pro Tem., concur.