[No. 3263-9-III.  Division Three.  February 7, 1980.]

THE CITY OF SPOKANE, *Respondent*, v. SANDRA L. HARRIS, *Appellant*.

*Richard L. Cease, Public Defender,* and *John T. Rodgers* and *Jon C. Komorowski, Assistants,* for appellant.

*Richard C. Robinson, Associated Corporation Counsel,* for respondent.

GREEN, C.J.—The City of Spokane charged defendant with violating Spokane's prostitution ordinance. Prior to trial, she unsuccessfully moved to dismiss the charge. We granted discretionary review to determine whether an amendment to the ordinance under which defendant was charged was properly enacted as an emergency measure under the provisions of the city charter.

In March 1971, the Spokane city council amended the City's 58–year–old prostitution ordinance. A clause attached to the amendment provided:

> An urgency and emergency for the passage of this ordinance is hereby declared to, and does, exist, and the same shall take effect and be enforced immediately upon its passage.

Spokane city ordinance No. C20943 § 2 (passed as an addition to ordinance No. C1377). A statement of the basic facts constituting the emergency is not contained in the ordinance, nor are there facts of which this court can take judicial notice to support the declaration of emergency.

The Spokane City Charter generally provides that an ordinance must have three public readings prior to its adoption and does not take effect until 30 days after its passage. Spokane City Charter, art. 3, § 15. The 30–day delay allows the people an opportunity to exercise their valuable right of referendum, a right which enables them to oversee and pass upon the city council's adoption of ordinances. Const. art. 2, § 1(b); Spokane City Charter, art. 9, § 83. However, where an emergency exists, an ordinance may be enacted to take effect immediately. The Spokane City Charter, art. 3, § 15 provides:

> An emergency ordinance . . . may be enacted without previous filing, provided it contains a *statement of its urgency,* and be passed by a four–fifths vote.

(Italics ours.) The adoption of an emergency ordinance precludes the exercise of the right of referendum.

In *Swartout v. Spokane,* 21 Wn. App. 665, 586 P.2d 135 (1978), the court held that the statement of urgency in an emergency ordinance should include the basic facts giving rise to the emergency. Without these basic facts, and absent any facts within the court's judicial knowledge which support the emergent nature of the ordinance, it cannot be upheld. *Swartout* is controlling here. The amendment to the prostitution ordinance under which defendant is charged does not contain any statement of the basic facts giving rise to the emergency. Nor are we judicially aware of any facts that justify the emergency amendment to an ordinance which has been in effect for 58 years.

The cases cited by the City in support of its argument that *Swartout* should be limited strictly to its facts, *i.e.,* where the trial court has received evidence on whether an emergency in fact existed, are distinguishable. In those cases, the court was concerned with appropriation measures passed for the alleged purpose of supporting state government and existing public institutions. *State ex rel. Blakeslee v. Clausen,* 85 Wash. 260, 270, 148 P. 28 (1915); *State ex rel. Case v. Howell,* 85 Wash. 281, 291, 147 P. 1162 (1915); *State ex rel. Anderson v. Howell,* 106 Wash. 542, 547, 181 P. 37 (1919); *State ex rel. Shelor v. Hinkle,* 162 Wash. 702, 298 P. 1070, following *State ex rel. Reiter v. Hinkle,* 161 Wash. 652, 297 P. 1071 (1931); *State ex rel. Pennock v. Reeves,* 27 Wn.2d 739, 179 P.2d 961 (1947); *State ex rel. Pennock v. Coe,* 42 Wn.2d 569, 583, 257 P.2d 190 (1953); and *State ex rel. Hoppe v. Meyers,* 58 Wn.2d 320, 363 P.2d 121, 100 A.L.R.2d 304 (1961). Appropriation measures are exceptions to the State constitutional right of

referendum.[1] In each of the cases cited by the City, the court, after taking judicial notice of the subject matter of the statute, concluded that the statute was obviously within the "support of state government" exception. Here, we are not concerned with that exception. Whether a law is necessary for the immediate preservation of the public's health, safety and welfare is not so readily determined by looking to the law's subject matter. There must be a statement of some underlying fact to support the emergency or other facts of which the court can take judicial notice. This is particularly so in this case where the ordinance has been in effect 58 years before being amended.

█ The City's contentions that defendant was not qualified as an elector in 1971 and, therefore, had no right of referendum, and further, that approximately 8 years have elapsed since the ordinance was passed do not bar her challenge to the enactment. It is self–evident that defendant should have standing to challenge the validity of the very ordinance she is accused of violating. Moreover, legislation passed in violation of the city charter is void and of no effect and may be successfully attacked at any time. *Swartout v. Spokane, supra* at 674; *Puget Sound Alumni of Kappa Sigma, Inc. v. Seattle,* 70 Wn.2d 222, 422 P.2d 799 (1967).

Consequently, the trial court's denial of defendant's motion to dismiss was error.

In view of our disposition of this case, we do not reach the remaining issues raised in the briefs.

---

[1]Const. art. 2, § 1(b) states: "The second power reserved by the people is the referendum, and it may be ordered on any act, bill, law, . . . except such laws as may be necessary for the immediate preservation of the public peace, health or safety, *support of the state government and its existing public institutions, . . .*" (Italics ours.)

Reversed.

McInturff and Roe, JJ., concur.