[No. 52938–8. En Banc. June 18, 1987.]

THE STATE OF WASHINGTON, *Respondent,* v. ROBERT D. HAYES, *Petitioner.*

*Jean H. Campbell* and *Aherin, Rice & Brown, P.A.,* by *Anthony C. Anegon,* for petitioner.

*Kenneth O. Eikenberry, Attorney General,* and *Christine O. Gregoire, Deputy; William D. Acey, Prosecuting Attorney,* for respondent.

PEARSON, C.J.—Petitioner, Robert D. Hayes, is charged with four counts of promoting pornography under RCW 9.68.140, which incorporates RCW 7.48A.010 by reference and was enacted as Substitute House Bill (HB) 626 in 1982. Laws of 1982, ch. 184. He asserts that these statutes are unconstitutional pursuant to article 2, section 1 of the Washington State Constitution. We find both statutes constitutionally valid and enforceable.

Petitioner filed a motion to dismiss the charges against him because, among other grounds, he alleged that the statute under which he was charged was unconstitutional pursuant to article 2, section 1 of the Washington State Constitution. The trial court denied petitioner's motion to dismiss on all grounds. We accepted certification of one issue: whether HB 626 contains an unconstitutional emergency clause and whether an unconstitutional emergency clause would merely postpone by 90 days the time that HB 626 took effect or render HB 626 void ab initio?

Amendment 72 to the State Constitution reserves to the people the right to exercise referendum. No act, law or bill subject to referendum can take effect until the time during which a citizen may request a referendum has passed: 90

days after adjournment of the session in which the law was enacted. Const. art. 2, § 1 (amend. 72). The only acts, bills, or laws not subject to referendum are those which by legislative declaration are necessary for immediate preservation of the public peace, health or safety and those in support of state government and its existing institutions. Const. art. 2, § 1 (amend. 72). These laws generally contain an "emergency clause" and take effect immediately, thus precluding a referendum.

Section 10 of HB 626 contains an emergency clause which states that the bill became law immediately after approval by the Governor and thus without the customary 90–day postponement of effectiveness after enactment:

> This act is necessary for the immediate preservation of the public peace, health, and safety, the support of the state government and its existing public institutions, and shall take effect immediately.

Laws of 1982, ch. 184, § 10, p. 759. HB 626 was signed by the Governor and became law in 1982. It is currently embodied in RCW 7.48A and 9.68.140. There is no evidence or allegation that petitioner or any other person ever attempted to file a referendum petition with the Washington State Secretary of State's office.

We hold that even if the emergency clause unconstitutionally impaired the voters' right to referendum, HB 626 is not void ab initio and became law 90 days after it was enacted. The issue of whether the emergency clause is constitutional is therefore moot.

Washington legislation with an invalid emergency clause takes effect when standard legislation takes effect, provided that the passage procedures of standard legislation are followed in all other respects. We indicated that an invalid emergency clause does not void a statute ab initio and merely delays the time of taking effect in *State v. Bell,* 59 Wn.2d 338, 355, 368 P.2d 177, *cert. denied,* 371 U.S. 818 (1962). The plaintiff in *Bell* challenged the emergency appointment of a special prosecutor. The court noted that the plaintiff did not show prejudice by virtue of the

appointment and never filed a petition for a referendum. The court held that the plaintiff had no standing to challenge the emergency clause because, even if that clause was unconstitutional, the enactment became law before the plaintiff's indictment. *Bell,* at 354–55. Implicitly, the *Bell* court determined that a bill containing an unconstitutional emergency clause becomes law 90 days after conclusion of the legislative session in which it was enacted and is not void ab initio.

Other than *Bell,* this court has never passed on the validity of an emergency clause except in a proceeding instituted by a person attempting to exercise his constitutional right of referendum. *Bell,* at 354; *see State ex rel. Humiston v. Meyers,* 61 Wn.2d 772, 777 nn.4, 5, 380 P.2d 735 (1963) (all cases cited therein addressed whether the plaintiff should be afforded the right to referendum when a bill contained an emergency clause). The Court of Appeals, however, voided ab initio two Spokane city ordinances because they contained unconstitutional emergency clauses. *Spokane v. Harris,* 25 Wn. App. 345, 606 P.2d 291 (1980); *Swartout v. Spokane,* 21 Wn. App. 665, 586 P.2d 135 (1978). These cases are consistent with our holding today, because the ordinances challenged in both cases were not passed in compliance with Spokane City Charter procedures and hence were void ab initio regardless of the validity of the emergency clauses. Valid Spokane ordinances must have three public readings, Spokane City Charter, art. 3, § 15, and neither ordinance received these readings. *Harris,* at 348; *Swartout,* at 673 n.7.

We refuse to strike down, more than 4 years after enactment, an entire law merely because the bill it was passed as may have contained an invalid emergency clause. If the effect of that emergency clause, passage of HB 626 into immediate law, threatened a challenger's actual request of a referendum within 90 days after passage, then we would address whether the challenger should be afforded that referendum by virtue of an invalid emergency clause. *See, e.g., State ex rel. Pennock v. Coe,* 42 Wn.2d 569, 577, 257 P.2d

190 (1953); *State ex rel. Gray v. Martin,* 29 Wn.2d 799, 803, 189 P.2d 637 (1948); *State ex rel. Kennedy v. Reeves,* 22 Wn.2d 677, 681–82, 157 P.2d 721 (1945). After the 90–day period during which a citizen may request a referendum has lapsed, however, any unconstitutional impediment to the right of referendum has also lapsed.

Our decision today is in accordance with decisions of other jurisdictions. Generally, when an emergency clause of an otherwise valid statute is inoperative the statute takes effect at the time it would have become law without an emergency clause. 82 C.J.S. *Statutes* § 401(d) (1953); 73 Am. Jur. 2d *Statutes* § 363 (1974).

> An invalid provision that an act shall take effect immediately does not impair the validity of the remainder of the statute, as it may take effect at the regular time appointed by law.

(Footnote omitted.) 73 Am. Jur. 2d *Statutes* § 363. Case law around the country is in accord with this statement. *E.g., Beaumont v. Faubus,* 239 Ark. 801, 812, 394 S.W.2d 478 (1965); *Bailey v. County of Los Angeles,* 46 Cal. 2d 132, 139–40, 293 P.2d 449 (1956); *People v. Phillips,* 76 Cal. App. 2d 515, 521, 173 P.2d 392 (1946); *State ex rel. Miami Beach v. Metropolitan Dade Cy. Water & Sewer Bd.,* 347 So. 2d 699, 703 (Fla. Dist. Ct. App. 1977); *State ex rel. Nat'l Advertising Co. v. State Hwy. & Transp. Comm'n,* 703 S.W.2d 514, 516 (Mo. Ct. App. 1985). Cases also uphold the principle that a bill with an invalid emergency clause must be enacted in compliance with procedures for nonemergent legislation, or the law is void ab initio. *Metropolitan Dade Cy.,* at 703; *Klassen v. Burton,* 110 Cal. App. 2d 539, 542, 243 P.2d 28 (1952); *Hatfield v. Meers,* 402 S.W.2d 35, 43 (Mo. Ct. App. 1966).

Nonetheless, petitioner argues that "[i]f House Bill 626 is not declared void *ab initio,* the legislature will be given unbridled authority to pass emergency clauses whenever it desires to take away the people's right to referendum", thus requiring the citizen who desires to exercise the right of referendum to apply to the courts for relief from an invalid

emergency clause. He correctly notes that an unconstitutional statute is always subject to attack. *Puget Sound Alumni of Kappa Sigma, Inc. v. Seattle,* 70 Wn.2d 222, 422 P.2d 799 (1967). Petitioner also quotes to pertinent case law language, stating "any legislation passed in derogation of the peoples' right to referendum is void *ab initio*" (citing *Spokane Arcades, Inc. v. Eikenberry,* 544 F. Supp. 1034, 1047 (E.D. Wash. 1982), *rev'd, J–R Distribs., Inc. v. Eikenberry,* 725 F.2d 482 (9th Cir. 1984), *rev'd sub nom. Brockett v. Spokane Arcades, Inc.,* 472 U.S. 491 (1985)).

We refuse, however, to impede the constitutionally granted legislative power to pass emergency legislation by voiding numerous laws passed with potentially invalid emergency clauses. When a citizen timely alleges that his or her right to referendum is impinged by a legislative abuse of power to pass emergency legislation, we will review whether the effective date of the challenged bill should be delayed 90 days, affording the citizen the right to referendum. Also, the *Spokane Arcades* court reached its conclusions by construing *Swartout* and *Harris,* wherein the court invalidated improperly passed ordinances. *Spokane Arcades,* at 1047. *Swartout* and *Harris* are consistent with our holding. See *supra.* Moreover, the concluding sentence in *Spokane Arcades* qualified any determination regarding HB 626 in that action and left the decision of the effect of the emergency clause in HB 626 to this court:

> With respect to the question of whether inclusion of the emergency clause violates prescriptions of the Washington constitution, this is a matter best left to ultimate resolution by the state judiciary.

*Spokane Arcades,* at 1049. The *Spokane Arcades* court ultimately held HB 626 constitutional.

Even if HB 626 contained an invalid emergency clause, it took legal effect 90 days after passage; other than the time frame, HB 626 was otherwise enacted in compliance with standard lawmaking procedures in Washington State. Petitioner was therefore properly charged under a constitutional statute. We therefore will not address whether the

350

emergency clause in HB 626 is constitutional because it is a moot question.

The trial court order dismissing petitioner's motion to dismiss is affirmed.

UTTER, DOLLIVER, DORE, ANDERSEN, CALLOW, GOODLOE, and DURHAM, JJ., and HAMILTON, J. Pro Tem., concur.