[No. 26829-5-I.    Division One.    August 26, 1991.]

THE CITY OF FEDERAL WAY, *Respondent,* v. KING COUNTY, ET AL, *Defendants,* STEEL LAKE COURT ASSOCIATES LIMITED PARTNERSHIP, *Appellant.*

*David H. Karlen* and *Oles, Morrison & Rinker,* for appellant.

*Sandra Driscoll, City Attorney,* and *Carolyn A. Lake, Assistant,* for respondent.

AGID, J. — Steel Lake Court Associates Limited Partnership (SLC) appeals an order of summary judgment invalidating a King County street vacation ordinance and declaring the subject street to be a public right of way of the City of Federal Way. SLC contends that the trial court erred in rejecting its assertions that Federal Way's challenge to the validity of the ordinance was untimely and that it failed to join an indispensable party to the lawsuit. We agree with those contentions and order that the action be dismissed.

In the fall of 1989, SLC's predecessor in interest, Steel Lake Court III, filed a petition to vacate an unopened

segment of G.W. Foster Road situated in the Federal Way area of what was then unincorporated King County. SLC owned improved property abutting the segment, and some of its improvements were located within or directly next to the road. King County also owned property abutting the unopened road. It appears from the record that the King County Building and Land Development Division issued permits to SLC's predecessor to build in and on the right of way because the road did not appear on any county map. The King County Council found that the proposed vacation did not conflict with the County's comprehensive plan, the road segment had never been opened as a road, and the public would benefit by returning the road to public tax rolls. Accordingly, on February 26, 1990, the council passed an ordinance incorporating these findings and vacating the segment.

Ordinarily, the ordinance would have become effective 10 days after its enactment. King County Charter (KCCh) 230.70. However, the council caused the vacation ordinance to be effective immediately by appending an emergency provision that stated:

> The county council finds as a fact and declares that an emergency exists and that this ordinance is necessary for the immediate preservation of public peace, health or safety or for the support of county government and its existing public institutions.

Two days later, on February 28, 1990, the City of Federal Way was officially incorporated. Had King County not vacated the G.W. Foster Road segment, ownership of the segment would have transferred automatically to Federal Way on its date of incorporation, and the fate of SLC's existing improvements would have become uncertain. RCW 35.02.180. More importantly, had King County not enacted the vacation ordinance as an emergency provision, the ordinance would never have taken effect at all because Federal Way would have acquired title to the segment before the ordinary 10-day-after-enactment effective date of county ordinances.

Federal Way had opposed the street vacation and decided to contest the vacation ordinance. To that end, on April 5, 1990, the City filed a complaint for declaratory judgment seeking a declaration that the ordinance was void, that the road segment was therefore not vacated, and that title to the segment was vested in Federal Way. Federal Way then moved for summary judgment. It contended that the vacation ordinance never went into effect because its emergency clause was invalid. According to Federal Way, the clause was invalid because the ordinance did not recite any of the basic facts which gave rise to the emergency. SLC opposed Federal Way's motion. It argued that the City did not have standing to bring the action, its action was untimely, and in any event, the ordinance was valid. SLC also asked that Federal Way's action be dismissed.

The trial court granted Federal Way's motion and entered an order declaring that the ordinance had never been effective and that the road segment was a Federal Way public right of way. SLC appealed. Although we agree with the trial court's conclusion on the effectiveness of the ordinance, this question was not properly before the trial court or this court. Federal Way failed to timely file its challenge to the ordinance and failed to timely join an indispensable party.[1] Consequently, it is barred from asking the court to review its claim. *Stenberg v. Pacific Power & Light Co.*, 104 Wn.2d 710, 714, 709 P.2d 793 (1985); *see also State v. Eppens*, 30 Wn. App. 119, 124, 633 P.2d 92 (1981) (in civil context, statute of limitation provides repose and a limitation on remedies).

# I
## TIMELINESS

On appeal and below, SLC has made two arguments in support of its contention that Federal Way's suit was

---

[1] We note that counsel for the City of Federal Way changed between trial and this appeal.

untimely: (1) the action was in fact a writ of certiorari and should be governed by the same time limits as are applicable to writs; and (2) even if the action was properly filed as a declaratory judgment action, it was still untimely. Only the latter of these contentions is persuasive.

A. Nature of proceeding. In most cases, a writ proceeding is the proper form of action to challenge a land use decision. In certain circumstances, for example when an agency has refused to act on a plat or permit application, a mandamus action under RCW 7.16.160 is appropriate. *Norco Constr., Inc. v. King Cy.*, 97 Wn.2d 680, 649 P.2d 103 (1982); *see also Teed v. King Cy.*, 36 Wn. App. 635, 643, 677 P.2d 179 (1984) and cases there cited. In others, a writ of certiorari obtained under RCW 7.16.040 is properly employed to determine whether the land use decision was made arbitrarily, capriciously, is contrary to law, or is unsupported by the evidence. RCW 7.16.120; *see, e.g., Akada v. Park 12-01 Corp.*, 103 Wn.2d 717, 718, 695 P.2d 994 (1985) ("[c]ertiorari is the appropriate method to review the city council action [issuing a use permit]"); *DeWeese v. Port Townsend*, 39 Wn. App. 369, 372, 693 P.2d 726 (1984) (certiorari is proper method to initiate review of a road vacation ordinance claimed to be contrary to existing law).[2]

Here, Federal Way did not seek a writ, but instead sought relief under the declaratory judgment statute, RCW 7.24. A declaratory judgment is used to determine

---

[2]In a writ proceeding, the court is restricted to reviewing the record that was before the decisionmaker and ordinarily may not consider additional evidence that was not presented below. *Carlson v. Bellevue*, 73 Wn.2d 41, 47, 435 P.2d 957 (1968); *Chaussee v. Snohomish Cy. Coun.*, 38 Wn. App. 630, 636, 689 P.2d 1084 (1984); *Cook v. Clallam Cy.*, 27 Wn. App. 410, 413, 618 P.2d 1030 (1980), *review denied*, 96 Wn.2d 1008 (1981). When, however, the writ petition includes allegations of procedural irregularities, a violation of the appearance of fairness doctrine or raises a constitutional question, it may be necessary for the trial court to consider facts outside the record certified to it in order to resolve those issues.

questions of construction or validity of a statute or ordinance. RCW 7.24.020. It is the proper form of action to determine the facial validity of an enactment, as distinguished from its application or administration. *Seattle-King Cy. Coun. of Camp Fire v. Department of Rev.*, 105 Wn.2d 55, 57-58, 711 P.2d 300 (1985). Ordinarily, if a plaintiff has another completely adequate remedy, he or she "is not entitled to relief by way of a declaratory judgment". *Reeder v. King Cy.*, 57 Wn.2d 563, 564, 358 P.2d 810 (1961); *accord, Council of Camp Fire*, 105 Wn.2d at 58. Thus, in a typical land use case, *e.g.*, one which challenges the validity of a decision to issue or deny a rezone, plat or development permit, resort to a declaratory judgment procedure is not permitted because the writ of certiorari provides an adequate remedy.[3]

Contrary to SLC's assertions, however, this is not a typical land use case. While it does directly affect SLC's use of its land and thus requires prompt adjudication, *Deschenes v. King Cy.*, 83 Wn.2d 714, 717, 521 P.2d 1181 (1974), Federal Way does not challenge the King County Council's interpretation of a statute or ordinance or application of either to a request for a rezone, plat or other permit. It challenges only the *facial validity* of the emergency provision of the ordinance purporting to vacate a portion of G.W. Foster Road. This is precisely the type of action for which the declaratory judgment form of action was intended. *See Council of Camp Fire*, 105 Wn.2d at 58. Thus, we conclude that this case was properly brought as a declaratory judgment action.

---

[3]CR 57 is not to the contrary. Pursuant to a 1967 amendment, that rule provides that "[t]he existence of another adequate remedy does not preclude a judgment for declaratory relief *in cases where it is appropriate.*" (Italics ours.) *See Ronken v. Board of Cy. Comm'rs*, 89 Wn.2d 304, 310, 572 P.2d 1 (1977). By its continued adherence to *Reeder* even after this 1967 amendment, the Supreme Court has indicated that review of quasi-judicial, administrative and land use permitting actions are not situations in which "it is appropriate" to proceed by declaratory judgment. *See Council of Camp Fire*, 105 Wn.2d at 58 (certiorari is only appropriate means to obtain review of agency's administration of statute); *Akada*, 103 Wn.2d at 718 (certiorari is appropriate method to review issuance of use permit).

Our conclusion is buttressed by the very limited review courts may make of legislative declarations of emergency. The declaration is conclusive and must be given effect unless it is on its face "obviously false and a palpable attempt at dissimulation." *In re McNeill*, 113 Wn.2d 302, 307, 778 P.2d 524 (1989). To determine the truth or falsity of the declaration, the court will not inquire as to the facts, but must consider the question only from what appears upon the face of the act and its judicial knowledge. *State ex rel. Humiston v. Meyers*, 61 Wn.2d 772, 778, 380 P.2d 735 (1963); *State ex rel. Hoppe v. Meyers*, 58 Wn.2d 320, 326, 363 P.2d 121, 100 A.L.R.2d 304 (1961). Thus, courts are prohibited from considering the record below and are restricted to examining the face of the ordinance and considering facts which may be judicially noticed. The writ of certiorari device is, therefore, wholly unsuited to review of an emergency declaration as the writ by definition requires the court to fully examine the record that was before the decision-making body.[4] RCW 7.16.120; *Chaussee v. Snohomish Cy. Coun.*, 38 Wn. App. 630, 636, 689 P.2d 1084 (1984).

B. Applicable timeliness provisions. Although we agree with Federal Way that this action was properly brought as a declaratory judgment, this decision has little effect on our timeliness analysis. Neither the statutes governing certiorari nor those governing declaratory judgment proceedings contain timeliness provisions. *See* RCW 7.16, 7.24. Washington courts have therefore required that the writ of certiorari be applied for within a "reasonable time". What constitutes a reasonable time is determined by analogy to the time allowed for appeal of a similar decision as prescribed by statute, rule of court, or other

---

[4]The road vacation case upon which SLC relies for the proposition that a writ is the proper proceeding to test the validity of such an ordinance, *DeWeese v. Port Townsend, supra*, is distinguishable. *DeWeese* involved an inquiry into the factual validity of the findings supporting an ordinance, not its facial validity. 39 Wn. App. at 371-72.

provision. *E.g.*, *Akada*, 103 Wn.2d at 718-19; *Cathcart-Maltby-Clearview Comm'ty Coun. v. Snohomish Cy.*, 96 Wn.2d 201, 205-06, 634 P.2d 853 (1981).

■ It is appropriate to apply this reasonable-time-by-analogy analysis in declaratory judgment actions as well as writ proceedings. 15 L. Orland & K. Tegland, Wash. Prac., *Trial Practice — Civil* § 613 (4th ed. 1986) (right to declaratory relief should be barred when right to coercive relief is barred); 22A Am. Jur. 2d *Declaratory Judgments* § 184 (1988) (when a special statute of limitations applies to a special statutory proceeding, it governs a declaratory judgment action brought to achieve same result as the special proceeding); *see also Deschenes*, 83 Wn.2d at 714 (writ of certiorari, declaratory judgment action, and request for injunction all dismissed as untimely challenges to zoning decision; timeliness for all determined by King County provision allowing 10 days to appeal from a decision of the board of appeals); *Hulo v. Redmond*, 14 Wn. App. 568, 572-73, 544 P.2d 34 (1975) (declaratory judgment action challenging LID ordinance dismissed as untimely because it was not filed within the statutory period for challenging the validity of an LID), *overruled on other grounds in Fisher Bros. Corp. v. Des Moines Sewer Dist.*, 97 Wn.2d 227, 643 P.2d 436 (1982); *cf. Teed*, 36 Wn. App. at 641-42 (writ of mandamus action untimely when not filed within 20 days permitted under county ordinance to file a writ of certiorari). Consequently, the same time limitation would govern whether this action was brought as a writ proceeding or as a declaratory judgment.

We must next decide what time limitation governs filing an action challenging the validity of a legislative body's declaration of emergency. SLC identifies two possibly analogous appeal periods: (1) the 10-day period in which a proposed referendum petition could have been filed if the ordinance had not been enacted on an emer-

gency basis, KCCh 230.70; *State v. Hayes*, 108 Wn.2d 344, 738 P.2d 276 (1987) (challenge to emergency declaration which is filed after period for seeking referendum has elapsed is moot); and (2) the 20-day period for filing a writ of certiorari challenging most King County land use decisions, King County Code (KCC) 20.24.240(A).[5] Federal Way, on the other hand, argues that neither of the limitation periods proposed by SLC should control and that instead, former RCW 4.16.140, the 2-year catchall limitation statute, should apply.

■ We reject Federal Way's assertion. The consistent policy in this state is to review decisions affecting use of land expeditiously so that legal uncertainties can be promptly resolved and land development not unnecessarily slowed or defeated by litigation-based delays. *Deschenes*, 83 Wn.2d at 717; *Jewell v. Kirkland*, 50 Wn. App. 813, 820, 750 P.2d 1307 (1988). It would contravene this policy to apply the 2-year statute as advocated by Federal Way.

■ Turning to SLC's contentions, we agree with its identification of analogous limitation periods and note the existence of a third: the 20-day statutory period for appealing a decision of the board of county commissioners.[6] RCW 36.32.330. Of these, we must choose the longer 20-day period set out in KCC 20.24.240(A) and RCW 36.32.330, pursuant to the general rule "that when

---

[5]A third appeal period noted by SLC, the 30-day period for filing a writ of certiorari challenging King County decisions approving or denying plats, also codified at KCC 20.24.240(A), is clearly inapplicable to this case and we do not consider it. In any event, Federal Way did not file this action within 30 days. See footnote 8.

[6]We recognize that this statute does not apply to actions taken by the County relating to planning and zoning when the County acts under "a special statute for a special purpose". *Cathcart*, 96 Wn.2d at 205 (quoting *State ex rel. Lyon v. Board of Cy. Comm'rs*, 31 Wn.2d 366, 370-71, 196 P.2d 997 (1948)). However, in this case the County's declaration of emergency was enacted not under a planning or zoning statute or ordinance but rather as part of its ordinary and usual duties under KCCh 220.20 and article 11, section 11 of the Washington State Constitution.

more than one appeal period is applicable, the longer appeal period should be applied."[7] *Akada*, 103 Wn.2d at 719. Federal Way did not commence its action within the applicable 20-day period;[8] the trial court therefore erred in rejecting SLC's argument that Federal Way's action was untimely filed.

Even if neither 20-day period were sufficiently analogous to be imposed here, we would still conclude that Federal Way did not commence its action within the requisite "reasonable time". Not only did the City fail to file its complaint until more than 30 days after the County enacted the ordinance, it did not name an indispensable party in the action until 78 days after the ordinance was enacted.

Federal Way's original complaint named as defendants King County and Steel Lake Court III. Steel Lake Court III had, however, conveyed its property abutting the G.W. Foster Road segment to SLC in December 1989. The statutory warranty deed evidencing this conveyance was recorded on January 2, 1990. Nevertheless, Federal Way did not file an amended complaint naming SLC as a defendant until May 15, 1990.

The owner of affected property, here SLC, is an indispensable party in a proceeding challenging a decision directly affecting the use of his land. This is because "he is 'most affected' by the granting of the writ of review, and he should be a party to any proceeding, the purpose of which is to invalidate or affect his interests." *Cathcart*, 96 Wn.2d at 207 (quoting *Veradale Vly. Citizens' Planning Comm. v. Board of Cy. Comm'rs*, 22 Wn. App. 229, 232-33, 588 P.2d 750 (1978)). Consequently, to obtain review of a land use decision, all indispensable parties must be

---

[7]Our conclusion that the 20- rather than the 10-day limitations period applies here could be problematic in another case in which parties' rights rest on expiration of the 10-day period before an ordinance ordinarily becomes effective. However, because we do not face that concern in this case, we follow the general rule.

[8]Federal Way filed its complaint 38 days after the ordinance was enacted and 36 days after it was incorporated.

named within the time period for initiating review. *Waterford Place Condominium Ass'n v. Seattle*, 58 Wn. App. 39, 42, 791 P.2d 908, *review denied*, 115 Wn.2d 1019 (1990). A party's failure to do so results in dismissal of the action unless the omitted parties are subsequently joined in the action through an amended pleading that relates back to the date of the original pleading. *Cathcart*, 96 Wn.2d at 207; *Waterford Place*, 58 Wn. App. at 42-43.

█ An amendment to a pleading adding a new party does not relate back to the date of the original pleading if the failure to join that party results from inexcusable neglect. CR 15(c); *South Hollywood Hills Citizens Ass'n v. King Cy.*, 101 Wn.2d 68, 77, 677 P.2d 114 (1984). In a land use or real property proceeding, it is inexcusable neglect to fail to name owners of the subject property if their identity is a matter of public record at the time the action is commenced. *South Hollywood Hills*, 101 Wn.2d at 77-78. Here, SLC's ownership of the property abutting G.W. Foster Road was a matter of public record in January 1990. Their May 15 joinder in Federal Way's action therefore cannot relate back to the original April 5 filing date.

This action was not commenced until 38 days after the ordinance at issue was enacted, and SLC was not joined in the action until 78 days after that date. Given the requirement that decisions directly affecting the use of land be promptly determined, *Deschenes*, 83 Wn.2d at 717, we can only hold that this lengthy delay in challenging the ordinance was unreasonable and that Federal Way did not commence its action in a timely manner.

## II
### VALIDITY OF EMERGENCY CLAUSE

Although we conclude that Federal Way's action was untimely filed and thus must be dismissed, its challenge to the emergency provision of the vacation ordinance raises significant issues of public interest. Consequently,

we briefly address the emergency declaration issue. *Cf. In re Swanson*, 115 Wn.2d 21, 24-25, 793 P.2d 962, 804 P.2d 1 (1990) (court may decide moot case that involves matters of continuing and substantial public interest); *Cathcart*, 96 Wn.2d at 207 (same).

Legislation enacted on an emergency basis goes into effect immediately and is exempt from the people's constitutional power to reject legislation by referendum. Const. art. 2, § 1(b); *State ex rel. Kennedy v. Reeves*, 22 Wn.2d 677, 679-81, 157 P.2d 721 (1945). To prevent unwarranted infringement of this right, only laws "necessary for the immediate preservation of the public peace, health or safety, support of the state government and its existing public institutions," can be enacted on an emergency basis. Const. art. 2, § 1(b). At the county level, the people's right to referendum is protected by similar provisions. *See generally O'Day v. King Cy.*, 109 Wn.2d 796, 815-16, 749 P.2d 142 (1988); KCCh 230.30-.40.

■ As we have previously noted, a declaration of emergency is subject to limited judicial review. Despite this deferential standard of review, courts have not hesitated to invalidate an emergency declaration when, as here, the declaration is supported by nothing more than a conclusory statement that an emergency exists and public peace, health, or safety requires an immediate enactment. In *Humiston*, for example, the court held that, despite an emergency declaration stating that the act was "necessary for the immediate preservation of the public peace, health and safety, the support of the state government, and its existing public institutions, and shall take effect immediately", 61 Wn.2d at 774, a statute making bingo and cardrooms lawful in certain situations was subject to referendum. The *Humiston* court reasoned that "[t]he face of the act is patently devoid of any facts relating to an emergency (with the exception of the emergency clause itself)" and no judicially noticeable facts supported the

declaration. 61 Wn.2d at 778, 779-81. Similarly, in *Kennedy*, the court granted a writ of mandate requiring the Secretary of State to file a referendum application when the legislation at issue stated only that the act was "necessary for the immediate preservation of the public peace, health and safety and for the immediate support of the state government". 22 Wn.2d at 678. The *Kennedy* court explained that it was "too clear to require argument" that the Legislature cannot defeat the constitutional right to referendum by merely inserting in an act the language describing when an emergency enactment is allowed. 22 Wn.2d at 681.

Declarations of emergency were also invalidated in two more recent Spokane cases. In *Spokane v. Harris*, 25 Wn. App. 345, 606 P.2d 291 (1980) and *Swartout v. Spokane*, 21 Wn. App. 665, 586 P.2d 135 (1978), *review denied*, 91 Wn.2d 1023 (1979), the court held that an emergency ordinance must contain the basic facts giving rise to the emergency and that absent these facts or any judicially noticeable facts supporting the emergency nature of the ordinance, the ordinance cannot be upheld. The *Swartout* court explained that to allow emergency enactments to be based on conclusionary language to the effect that an emergency exists and immediate enactment is necessary to protect public health, safety and welfare, "would effectively destroy the right of referendum reserved to the people . . . and further deprive them of a meaningful judicial review of the ordinance". *Swartout*, 21 Wn. App. at 671-72.

The King County emergency ordinance provision, KCCh 230.30, contains slightly different language than the Spokane charter provision at issue in *Swartout* and *Harris*, and the constitutional provision considered in *Humiston* and *Kennedy*.[9] Nevertheless, the considerations

---

[9]The King County emergency ordinance provision, KCCh 230.30, provides in pertinent part:

that influenced the court in those cases compel the same conclusion; namely, that the county council cannot support enactment of an emergency ordinance with a conclusionary declaration that an emergency exists. Instead, the ordinance must include a statement of the underlying emergent facts. Without such a statement, the emergency declaration is invalid unless the requisite facts are judicially noticeable.

The judgment is reversed on the ground that Federal Way did not timely file its complaint or name a necessary party, and the trial court is directed to enter an order dismissing the action.[10]

SCHOLFIELD and KENNEDY, JJ., concur.

---

"Any proposed ordinance may be enacted as an emergency ordinance if the county council finds as a fact, and states in the ordinance, that an emergency exists and that the ordinance is necessary for the immediate preservation of public peace, health or safety or for the support of county government and its existing public institutions."

[10]Because we resolve this case on timeliness grounds, it is unnecessary to reach SLC's challenge to Federal Way's standing to file this action or its challenge to an affidavit filed by Federal Way in support of its motion for summary judgment.