[No. 39905-5-I.    Division One.    June 8, 1998.]

THE CITY OF BELLEVUE, *Respondent*, v. EAST BELLEVUE
COMMUNITY COUNCIL, *Appellant*.

462

*Carol A. Morris* of *Ogden Murphy Wallace, P.L.L.C.,* for appellant.

*Richard L. Andrews, City Attorney,* and *Lori M. Riordan, Assistant,* for respondent.

COLEMAN, J. — The City of Bellevue enacted an ordinance to rezone certain land with densities at the high end of

ranges allowed under the comprehensive plan. The East Bellevue Community Council (EBCC) appeals a superior court order invalidating its resolution to disapprove the City's rezone ordinance. We hold that the City was not entitled to declaratory relief because a writ of certiorari provided the appropriate remedy. While the City erroneously requested a statutory writ, we hold that the lower court had jurisdiction to decide the dispute under a constitutional writ of review because the complaint's allegations stated a claim for relief from the EBCC's legislative action. And because the EBCC had previously approved the comprehensive plan's density ranges for the parcels in dispute, we hold that it acted without legal authority by later disapproving the City's rezone ordinance. We therefore affirm the lower court's order invalidating the EBCC's resolution.

The City of Bellevue is divided into a number of subareas, including Crossroads. This subarea is subject to the EBCC's jurisdiction. Thus, while the City may adopt comprehensive plan amendments and rezone ordinances affecting the Crossroads subarea, they go through the EBCC for approval before taking effect. *See* RCW 35.14.040.

In 1987, the City of Bellevue decided to eliminate its long-standing "open use" zoning classification. Because this amorphous designation allowed a broad range of potential densities, the City felt that it threatened the Growth Management Act's (GMA) goal of promoting uniformity and certainty in land use regulation. The City thus amended its comprehensive plan to create new, more specific land use designations. The amendments affected land within the Crossroads subarea. Some parcels were assigned specific designations while others were given density ranges. The EBCC attempted to disapprove the amendments but failed to gather the requisite number of votes.

The City then undertook a number of specific rezones to satisfy the GMA's requirement that zoning regulations be consistent with the comprehensive plan. In 1995, the City

initiated nine rezone applications, eight of which affected property located in the EBCC's jurisdiction. After a public hearing on the proposed rezones, the EBCC expressed concern that lower densities on areas 2, 3, 5, and 8 would be more appropriate. The amended comprehensive plan allowed a range of densities on these four parcels. The City's proposed rezone eliminated their "open use" designations and adopted the highest possible densities allowed by the range. Despite the EBCC's concern, the City followed the hearing examiner's recommendation and approved the nine combined rezones in Ordinance 4828.

The EBCC then held a public hearing and adopted Resolution 372-A, voting to disapprove Ordinance 4828. While it acknowledged that the comprehensive plan allowed a discretionary range of densities for areas 2, 3, 5, and 8, the EBCC determined that the lower range densities would be more appropriate to control the area's high traffic levels and to protect sensitive areas. It agreed with the new zoning classifications on the other parcels within its jurisdiction, because they were either zoned at the low end of the permitted range or subject to only one designation under the comprehensive plan. But the EBCC voted against the combined rezones because it could not approve only portions of the ordinance.

The City claimed that by disapproving the rezone, the EBCC had caused it to be out of compliance with the GMA by maintaining the outdated "open use" zones. The City filed a complaint requesting a statutory writ of certiorari and a declaratory judgment that Resolution 372-A was invalid. The EBCC argued that these forms of relief were not available to review its legislative action and moved to dismiss because the City had failed to timely request a constitutional writ of certiorari. Abandoning its request for a statutory writ, the City then asked the trial court to exercise its "inherent powers of review" and convert its request into a constitutional one.

The trial court ruled that it had the power to review Resolution 372-A under a constitutional writ. It found that the

EBCC had exceeded its legal authority and that its action was void. The order stated:

> The EBCC's earlier action in failing to disapprove the city's Comprehensive Plan, which had been adopted in order to comply with the Growth Management Act, limits its statutory authority to disapprove the specific rezone, since it is conceded that the rezone is consistent with the Comprehensive Plan.

After denying the EBCC's motion for reconsideration, the lower court entered judgment, which clarified that the EBCC did not concede consistency between the rezones on parcels 2, 3, 5, and 8 and the City's comprehensive plan policies.

■ ■ We first address the EBCC's argument that the lower court erred by granting declaratory relief. The EBCC reasons that the City was not entitled to a declaratory judgment because a proper writ of certiorari provided the only appropriate form of relief. While the City acknowledges that a writ proceeding was necessary to resolve its claim that Resolution 372-A was arbitrary and capricious, it argues that declaratory relief was appropriate to decide its separate challenge to the resolution's facial validity under the GMA. Because the City attacked only the resolution's validity as applied under the law, rather than on its face, we agree with the EBCC that declaratory relief was not appropriate.

A declaratory action may be used to determine an ordinance's facial validity, as distinguished from its application. *See City of Federal Way v. King County*, 62 Wn. App. 530, 534-35, 815 P.2d 790 (1991). The existence of another adequate remedy does not necessarily preclude declaratory relief. CR 57. But in a typical land use case involving the validity of a decision to deny a rezone, resort to a declaratory judgment procedure is not permitted because the writ of certiorari provides an adequate remedy. *Federal Way*, 62 Wn. App. at 535. A writ of certiorari is properly employed to determine whether a land use decision is arbitrary, capricious, contrary to law, or unsupported by the evidence. *Id.* at 534.

In this case, the record does not support the City's claim that it challenged the facial validity of the EBCC's Resolution 372-A. Rather, the City sought "a declaratory judgment . . . declaring that the vote to adopt Resolution No. 372-A was made in violation of the City of Bellevue Comprehensive Plan and the Growth Management Act[.]" This is not a challenge to the resolution's adequacy on its face. Rather, the City challenged the resolution's application and practical effect under other laws. We hold that declaratory relief was not available because there was another completely adequate remedy. A constitutional writ of certiorari proceeding was the appropriate method to review the City's claim.

Given our conclusion that the available remedy of a writ proceeding precluded declaratory relief in this case, we need not reach the issue whether the dispute presents a justiciable controversy to support jurisdiction under the Uniform Declaratory Judgments Act, RCW 7.24. We merely note that there is an actual dispute between the parties over the scope of the EBCC's power and the validity of its resolution.

■ We next turn to the determinative issue of whether the lower court correctly decided this case under a constitutional writ of review. The parties agree that the EBCC's challenged decision to disapprove the City's rezone ordinance was a legislative act. The City's complaint alleged that the EBCC's resolution was arbitrary and capricious and that the Superior Court had jurisdiction under RCW 7.16.040. This statutory writ of certiorari, however, allows review only of judicial functions. RCW 7.16.040. The Superior Court's authority to review arbitrary and capricious legislative action, by contrast, arises from Washington Constitution article IV, section 6. *See National Homeowners Ass'n v. City of Seattle*, 82 Wn. App. 640, 644 n.1, 919 P.2d 615 (1996). Over five months after it filed its amended petition, the City abandoned its request for the statutory writ. Exercising its inherent powers, the lower court converted the City's petition into one for a constitutional writ of review.

■ The EBCC argues that the lower court acted without jurisdiction because the City failed to timely amend its complaint to request a constitutional writ. The City responds that the lower court properly exercised its inherent power of review because the case involved the fundamental right to have the EBCC act within its legal authority in disapproving land use ordinances. Because the allegations in the City's complaint stated a cause of action, we hold that the lower court had jurisdiction to grant a constitutional writ of review despite the fact that the City mistakenly pleaded the statutory jurisdictional basis.

In certiorari proceedings, the failure to join a party within the typical 30-day time limit for land use actions justifies dismissal if the plaintiff should have known that the missing party was indispensable. *Id.* at 645; *Cf. Federal Way*, 62 Wn. App. at 536 (with no express time limit in RCW 7.16, writs of certiorari must be filed within a "reasonable time"). The EBCC argues that the City's failure to amend its petition to request a constitutional writ of review within 30 days after the challenged legislative action similarly requires dismissal. We disagree. The City sought review within 30 days of the EBCC's challenged action but merely failed to specifically plead the constitutional basis for the Superior Court's jurisdiction. We hold that this defect was not fatal on the facts of this case.

The EBCC's jurisdictional challenge rests upon the technicality that the City's complaint did not expressly allege a cause of action under the court's constitutional power of review. But the factual allegations of its petition, if accepted as true, state a claim warranting court review under Washington Constitution article IV, section 6. The right to be free from arbitrary administrative action is fundamental and warrants constitutional review. *Pierce County Sheriff v. Civil Serv. Comm'n*, 98 Wn.2d 690, 693-94, 658 P.2d 648 (1983). The EBCC places unwarranted emphasis on form over substance. Courts should forgive procedural errors and aim to resolve cases on the merits

under their inherent power of review. *State ex rel. DuPont-Fort Lewis Sch. Dist. No. 7 v. Bruno*, 62 Wn.2d 790, 794, 384 P.2d 608 (1963); *Griffith v. City of Bellevue*, 130 Wn.2d 189, 192, 922 P.2d 83 (1996); *see also* RCW 4.36.240.

In *State ex rel. Cosmopolis Consol. Sch. Dist. No. 99 v. Bruno*, 59 Wn.2d 366, 374, 367 P.2d 995 (1962), the plaintiff erroneously sought a statutory writ of certiorari to challenge a legislative act. The Supreme Court reversed an order dismissing the case for lack of jurisdiction because the allegations of the timely petition were sufficient to invoke the Superior Court's inherent power of review. *Id.* at 369. We likewise hold that the Superior Court acquires jurisdiction to grant constitutional writs of certiorari if the allegations of a timely petition state a cause of action. *Accord DuPont*, 62 Wn.2d at 794; *Bridle Trails Community Club v. City of Bellevue*, 45 Wn. App. 248, 251, 724 P.2d 1110 (1986). The City did not need to amend its complaint to specifically request a constitutional writ in order to have its petition for review decided on the merits. Its complaint requested a ruling that the EBCC's Resolution 372-A was arbitrary and capricious and any other relief the court deemed just and equitable. We hold that the complaint's allegations stated a claim and thus invested the lower court with jurisdiction to decide the matter under its constitutional power of review.

■ Turning to the merits of the case, we next decide whether the EBCC exceeded its legal authority by disapproving the rezone ordinance. The EBCC argues that it permissibly disapproved the rezone because the comprehensive plan's policies favored lower densities than the City had proposed on four of the affected parcels. While the City could have adopted lower densities, its rezone designations were consistent with the comprehensive plan's density ranges, which the EBCC had previously failed to disapprove. The EBCC thus had no authority to disapprove the rezone ordinance, and we affirm the lower court's order invalidating Resolution 372-A.

Formed pursuant to RCW 35.14, the EBCC governs the

community municipal corporation known as the Crossroads subarea. Under the statutory scheme, the City's adoption of a comprehensive plan or zoning ordinance affecting land in the Crossroads subarea becomes effective either upon the EBCC's approval or failure to disapprove within 60 days. RCW 35.14.040. The statute provides no substantive guidance as to what, if anything, a community council should consider in voting to disapprove city ordinances. But the GMA requires that development regulations such as zoning ordinances be "consistent with and implement the comprehensive plan[.]" RCW 36.70A.030(7), .040(3)(d).

Of the nine parcels affected by the City's Ordinance 4828, the EBCC objected only to the proposed density levels on areas 2, 3, 5, and 8. Of the remaining parcels, one was outside the EBCC's jurisdiction and the others were rezoned consistent with the low end of their range or the specific land use designations mandated by the comprehensive plan. The EBCC acknowledges that it had no discretion to disapprove the rezones on those parcels for which the comprehensive plan allowed no alternative densities. It attempts to distinguish the four disputed parcels on the basis that they were assigned ranges of permissible densities under the comprehensive plan.

We affirm the lower court's ruling that the EBCC acted without legal authority in disapproving the City's rezone ordinance. Ordinance 4828 satisfies the GMA's consistency requirements because the rezone densities are allowed under the comprehensive plan. The EBCC had their opportunity to disapprove the comprehensive plan amendments that imposed the density ranges on the parcels at issue in this case. Its failure to do so by a majority vote amounts to approval of not only those ranges, but also the policies that supported them. Allowing the EBCC to disapprove rezones that comply with the previously approved comprehensive plan would foster uncertainty in Bellevue's land use regulation. The comprehensive plan specifically contemplated that the densities later adopted in the City's rezone ordinance would be allowed. The EBCC, having

failed to disapprove the high end densities, was not entitled to subsequently challenge them on policy grounds when specific rezones were enacted.

We affirm.

AGID, A.C.J., and BECKER, J., concur.

Review granted at 137 Wn.2d 1008 (1999).