
# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

|  |  |  |
|---|---|---|
| JOHN WORTHINGTON, | ) | No. 68979-7-I |
| Appellant, | ) ) | DIVISION ONE |
| v. | ) ) | |
| CITY OF BREMERTON; CITY OF POULSBO; CITY OF PORT ORCHARD; CITY OF AUBURN; STATE OF WASHINGTON; ROBERT MCKENNA; CHRISTINE GREGOIRE; CARLOS RODRIGUEZ; FRED BJORNBERG; and MIKE POSTON, individually and in their official capacity, | ) ) ) ) ) ) ) ) ) ) | UNPUBLISHED FILED: September 23, 2013 |
| Respondents. | ) | |

Cox, J. – John Worthington appeals the summary judgment dismissal of his lawsuit against several municipal and state defendants. Because Worthington's claims are barred by the statute of limitations, we affirm.

On January 12, 2007, the Kitsap County Superior Court issued a warrant to search Worthington's home for marijuana, drug paraphernalia, and other specified items. The warrant was executed later that day by law enforcement officers from several different jurisdictions. Detective Roy Alloway of the Bremerton Police Department and Agent Fred Bjornberg, a Washington State Patrol (WSP) officer cross-deputized with the federal Drug Enforcement Agency (DEA) were among these officers. Six marijuana plants and a grow light were discovered in Worthington's home. According to Worthington, Detective Alloway

stated he did not plan to seize the marijuana plants due to Worthington's status as a medical marijuana patient. But Agent Bjornberg stated he would confiscate the plants. The marijuana plants were ultimately placed into evidence at the Kitsap County Sheriff's Office. Worthington was never charged with a crime.

At the time of the search and seizure, Detective Alloway was assigned to the West Sound Narcotics Enforcement Team (WestNET), a regional task force created to combat drug trafficking. Members of WestNET include Mason and Kitsap Counties, WSP, and the cities of Poulsbo, Port Orchard, and Bremerton. Agent Bjornberg was assigned to another regional drug task force, the Tahoma Narcotics Enforcement Team (TNET), whose members include Pierce County, the cities of Tacoma and Auburn, WSP and the DEA. .

On December 21, 2009, Worthington filed suit against 50 separate defendants, including the State of Washington, the cities of Bonney Lake, Bremerton, Port Orchard, Poulsbo, Puyallup, and Tacoma as well as several elected state officials and law enforcement officers. The gist of Worthington's 70-page complaint was that the defendants engaged in a conspiracy to "undermine the state medical marijuana law, by using federal grant contracts, statement of assurances, regional task force agreements, interlocal agreements, interagency agreements, and federally cross designated state law enforcement personnel, to by-pass the affirmative defense in RCW 69.51A.040, and seize Worthington's medical marijuana on behalf of the DEA and refer cases to the federal courts." In

addition to declaratory and injunctive relief, Worthington alleged federal causes of action for violations of 42 U.S.C. §§ 1983, 1985 and 1986, the Americans with Disabilities Act, and the Health Insurance Portability and Accountability Act (HIPAA). His state law claims included intentional infliction of emotional distress, negligence, and trespass to land under RCW 4.24.630. The defendants removed the case to federal district court, which dismissed the complaint for lack of standing.[1]

On January 17, 2012, Worthington filed this action against the state of Washington and the cities of Bremerton, Poulsbo, Port Orchard and Auburn as well as several elected state officials and law enforcement officers. The basis for Worthington's complaint was again the 2007 search of his home and seizure of his marijuana plants. Worthington sought compensatory damages for negligence, conversion, trespass to land, nuisance, and "breach of duty" under chapter 69.51 RCW. Worthington also sought declaratory and injunctive relief regarding "[t]he TNET policy to seize marijuana for the federal government" and "[t]he WEST NET Interlocal agreement to use the NCIS[2] in Washington State police actions."

---

[1] Worthington v. Washington State Attorney General's Office, No. C10-0118JLR, 2010 WL 1576717 (W.D. Wash. April 20, 2010) (unpublished).

[2] NCIS stands for Naval Criminal Investigative Service; it is unclear from the record how the NCIS was involved in Worthington's case.

Worthington and the defendants made cross-motions for summary judgment. The trial court denied Worthington's motion and granted summary judgment in favor of the defendants "based on collateral estoppel, res judicata and a failure to comply with the statute of limitations."

Worthington appeals the order granting summary judgment and the denial of his motion for reconsideration.

## STATUTE OF LIMITATIONS

Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.[3] The moving party must demonstrate the absence of any genuine issue of fact and entitlement to judgment as a matter of law; thereafter, the nonmoving party must show specific facts evidencing a genuine issue of material fact.[4] Our review of summary judgment is de novo, and we may affirm the order on any theory within the pleadings and the proof.[5] We review a motion for reconsideration for an abuse of discretion.[6]

---

[3] CR 56(c).

[4] Magula v. Benton Franklin Title Co., Inc., 131 Wn.2d 171, 182, 930 P.2d 307 (1997).

[5] Potter v. Washington State Patrol, 165 Wn.2d 67, 78, 196 P.3d 691 (2008).

[6] Drake v. Smersh, 122 Wn. App. 147, 151, 89 P.3d 726 (2004).

It is undisputed that the statute of limitations for each of Worthington's claims is three years.[7] Because Worthington filed the present suit more than five years after the 2007 search and seizure, it is untimely.

Citing the discovery rule, Worthington argues that the statute of limitations should be tolled due to "acts of fraud which were not discovered until 2011." Worthington claims that, based on the statement of Agent Bjornberg, he initially believed that his marijuana plants had been seized by the federal government and he had no recourse to pursue the recovery of his property in state court. Worthington asserts that it was not until 2011, in response to his public records requests, that he discovered that WestNET had actually taken the marijuana plants and placed them into evidence at the Kitsap County Sheriff's Office.

Under the discovery rule, when there is a delay between an injury and the plaintiff's discovery of it, a cause of action accrues for purposes of the statute of limitations when the plaintiff knew, or in the exercise of due diligence should have known, the essential elements of the cause of action.[8] Courts may apply the

---

[7] RCW 4.16.080. While there is no explicit statute of limitations for claims brought under the Uniform Declaratory Judgments Act, chapter 7.24 RCW, the "right to declaratory relief should be barred when [the] right to coercive relief is barred." City of Federal Way v. King County, 62 Wn. App. 530, 537, 815 P.2d 790 (1991) (citing 15 L. Orland & K. Tegland, Wash. Prac., Trial Practice-Civil § 613 (4th ed. 1986)), superseded by statute on other grounds.

[8] Crisman v. Crisman, 85 Wn. App. 15, 20, 931 P.2d 163 (1997).

discovery rule where the defendant fraudulently conceals a material fact from the plaintiff, thereby depriving the plaintiff of knowledge of the accrual of the action.[9]

But to invoke the discovery rule based on fraudulent concealment or misrepresentation, a plaintiff must either: (1) affirmatively plead and prove the nine elements of fraud, or (2) show that the defendants breached an affirmative duty to disclose a material fact.[10] Assuming without deciding that the discovery rule applies to Worthington's claims, we hold that he fails to meet this burden. As a result, he fails to identify any genuine issue of fact regarding the application of the discovery rule to toll the statute of limitations.

Worthington additionally argues that the doctrines of equitable estoppel and equitable tolling should apply to toll the statute of limitations because "the defendants pretended to be fully empowered DEA agents acting on behalf of the federal government" but "that was all a hoax which was purposely withheld for years." A defendant will be equitably estopped from asserting the statute of limitations when the defendant's actions have fraudulently, deceptively or in bad faith induced a plaintiff to delay commencing suit until the statute of limitations has run.[11] But Worthington's bald accusations that Agent Bjornberg

---

[9] Id.
[10] Id.
[11] Del Guzzi Const. Co., Inc. v. Global Northwest, Ltd., Inc., 105 Wn.2d 878, 885, 719 P.2d 120, 124 (1986).

misrepresented himself as a federal agent are not supported by the record, and are consequently insufficient to satisfy the requirements of equitable estoppel.

Because the trial court properly dismissed Worthington's complaint as untimely, we need not address whether his complaint was also barred by the principles of res judicata or collateral estoppel.

Worthington also failed to establish any of the grounds under CR 59(a) justifying a reconsideration of the trial court's order. The court did not abuse its discretion in denying reconsideration.

We affirm the summary judgment order and the order denying reconsideration.

Cox, J.

WE CONCUR:

Leach, C.J.

Becker, J.